## JOSEPH COHEN v. CHICAGO BONDING & INSURANCE COMPANY.[1]

June 25, 1920.

No. 21,876.

**Automobile insurance — insufficient evidence of illegal use of car.**

1. In an action on a policy of insurance insuring plaintiff against injury to his automobile through a collision, it is *held* that the evidence does not show that the automobile was being used at the time in the unlawful transportation of intoxicating liquor.

**Same — construction of policy — use for pleasure and business calls.**

2. The policy covered loss by collision when the auto was being used for "pleasure and business calls." It is *held* that the use made by the plaintiff of his auto was within the terms of the policy.

**Verdict not excessive.**

3. The damages are not excessive.

Action in the district court for St. Louis county to recover $1,650 upon defendant's policy of insurance. The defenses are set out in the second paragraph of the opinion. The case was tried before Hughes, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which assessed plaintiff's damages at $1,500. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Archer & Pickering,* for appellant.

*E. L. Boyle,* for respondent.

DIBELL, J.

Action to recover on a policy of insurance insuring plaintiff's automobile against loss through a collision. The court directed a verdict for the plaintiff, leaving to the jury the assessment of damages. The defendant appeals from the judgment entered on the verdict.

[1] Reported in 178 N. W. 485.

The claims of the defendant may be summarized as follows:

(1) That the plaintiff was illegally engaged in the transportation of intoxicating liquor and therefore cannot recover on the policy.

(2) That the use made of the automobile was not such that it is liable within the terms of the policy.

(3) That the damages are excessive.

1. The plaintiff lived at Virginia and other places on the ranges for many years. He had been engaged in the saloon business there. At the time of the injury to his machine he was running a soft drink establishment at Virginia. He drove his machine to Ashland, Wisconsin, and from there to St. Paul. On October 2, 1918, he started from St. Paul to Duluth, carrying in his machine a considerable quantity of intoxicating liquor. In rounding a corner and crossing the Northern Pacific tracks at Mahtowa, in Carlton county, he overturned his machine onto the tracks, and before it could be gotten off it was struck and demolished by a freight train. No question is here but that there was a collision within the meaning of the policy. Carlton county was dry and so was St. Louis county in which Duluth and Virginia are. The plaintiff claims that he was on his way to Iron River, Wisconsin, via Duluth. The defendant claims that he was on his way to Virginia to dispose of his liquor there illegally. There is no direct evidence that he was. A finding to that effect would not be sustainable. It is true that the plaintiff had been a violator of the liquor laws when on the ranges. The situation involved him in suspicion, but actual evidence was lacking. The liquor was transported through dry territory during the stress of war, contrary to the administrative policy of the state, and the plaintiff bears whatever moral blame attaches to his acts, but we cannot see that he committed a crime.

We dispose of the first point, as did the trial court, by holding that a use of the automobile in violation of the law is not shown, and we do not inquire what effect such a violation would have upon the policy of insurance.

2. The policy covered loss by collision when the automobile was being used for "pleasure and business calls." There is nothing but the limitation stated to indicate the character of the use for an injury in which

indemnity was promised. The company wrote the policy. It chose to make no more definite statement of the use in which liability should accrue for injury by a collision. The familiar rule of construction applies. The defendant is liable within the clause quoted.

3. The verdict was for $1,550. It is urged that it is excessive.

We have scanned the evidence carefully. The verdict might better have been for $200 or $300 less, and it might have been reduced by that amount. We cannot hold it excessive and a discussion would not be useful.

Judgment affirmed.