FIREMEN'S INSURANCE COMPANY OF NEWARK *v.* RYE.

Opinion delivered September 24, 1923.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict supported by any substantial evidence will be sustained on appeal.

2. INSURANCE—PROOF OF LOSS—WAIVER.—In an action on a fire policy covering an automobile, the requirement of proof of loss was waived where insurer, within the period wherein proof of loss was to be made, entered into negotiations with insured for a settlement through its agent and adjuster, both of whom led her to believe a settlement would be made.

3. INSURANCE—PROHIBITION OF USE OF AUTOMOBILE FOR COMMERCIAL DELIVERY.—Where a policy insuring an automobile against fire stipulated that it should be used for private pleasures and business calls, "excluding commercial delivery," the prohibition was against the habitual use of the car for commercial deliveries, and not against the occasional use by the owner, who is a florist, in delivering flowers.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*J. A. Watkins,* for appellant.

1. The record shows that the assured failed to furnish proof of loss within 60 days, as required by the insurance contract. This failure avoided the policy. 88 Ark. 120; 87 Ark. 171; 84 Ark. 224.

2. There was a breach of the warranty against use of the car for commercial deliveries. This was a promissory warranty, binding on the assured. 57 Ark. 279; 58 Ark. 277; 69 Ark. 295; 66 Ark. 346; 85 Ark. 579; 91 Ark. 310; 83 Ark. 126.

*Warner, Hardin & Warner,* for appellee.

1. There is no merit in the contention that the verdict was excessive. There was substantial evidence on which to base their finding of the amount. 152 Ark. 597, 607; 145 Ark. 269.

2. Proof of loss was mailed within 60 days. There was substantial compliance with the requirements of the policy. C. & M. Dig., § 6148; 47 Ark. 519; 61 Am. St. Rep. 105; 18 L. R. A., N. S., 106. Proof of loss was waived by entering into negotiations with the insured within 60 days. 152 Ark. 79, 82; 151 Ark. 561.

3. There was no breach of the warranty. The warranty did not prohibit a mere casual or incidental use. Funk & Wagnalls' New Stand. Dict.; 67 Ark. 553; 142 Ark. 240, 242; 61 Ark. 108; 86 Ark. 538; 144 Ark. 271, 277; 85 S. E. 37; 167 S. W. 1095; 26 Corpus Juris, 205, § 249; 80 Ark. 184.

HUMPHREYS, J. This is an appeal from a judgment for $900, 12 per cent. penalty and $120 attorney fees, rendered in the circuit court, Fort Smith District of Sebastian County, in favor of appellee against appellant upon an insurance policy insuring appellee's Gardner touring car to the amount of $1,100 against loss by fire.

The policy provided for proofs of loss within sixty days after loss or damage by fire, and that a failure of appellee to furnish appellant such proofs would avoid the policy.

The policy also contained a warranty clause by the assured to the effect that "the uses to which the automobile described is and will be put are private pleasure uses and business calls, excluding commercial delivery."

An alleged violation of the aforesaid provisions in the policy was interposed as a defense to the suit for loss of the car by fire.

Appellant contends for a reversal of the judgment upon three grounds.

The first ground is that the judgment was for an amount in excess of the evidence. The witnesses differed as to the value of the car. Four second-hand dealers placed different values upon the car, ranging from fifty per cent. of its original cost up to $800. The original cost was $1,300. E. H. Bruce, a dealer in Gardner touring cars, who was acquainted with the condition of the car, testified that its market value was $1,000 on the day of the fire. The car was only ten months old, and had been kept in a garage when not in use. Where a verdict is supported by any substantial evidence, it will be sustained on appeal, as the weight of the evidence and credibility of the witnesses are questions for determination by the jury and not by the court. *Covill* v. *Gershmay,* 145 Ark. 269; *Guardian Life Ins. Co.* v. *Dixon,* 152 Ark. 597.

The second ground is the alleged failure of appellee to furnish appellant with proof of loss until after the expiration of sixty days from the date of the fire. The car was destroyed by fire on February 18, 1922, and proof of loss was mailed to appellant on April 19, 1922, and actually received by it on April 24, 1922. It is unnecessary to discuss or decide whether the notice given was a substantial compliance with the terms of the policy requiring proof of loss, as there was substantial testimony tending to show that, within the sixty-day period, appellant entered into negotiations with appellee for a settlement through its agent and adjuster, both of whom led her to believe a settlement would be made. By this

act appellant waived the requirement of proof of loss. *Springfield Fire & Marine Ins. Co.* v. *State,* 152 Ark. 79.

The third ground is that the warranty against using the car for commercial deliveries was breached, thereby barring recovery. Appellee's husband was a florist, and conducted a flower shop in Fort Smith. At the time the car caught on fire it was being used in delivering a package of flowers to a customer, and was being driven by an employee of her husband. The testimony tended to show that the car was used occasionally but not regularly in delivering flowers; that most of them were delivered by a boy on a bicycle or by Western Union messengers, or, when necessary, in a car hired for the purpose. The inhibition against "commercial deliveries" used in the warranty clause does not mean temporary or incidental use. The prohibition was against the habitual use thereof for commercial deliveries. *Crowell* v. *Ins. Co.* (N. C.), 85 S. E. 37; *Commercial Assurance Co.* v. *Hill* (Tex.), 167 S. W. 195; 19 Cyc. 736; 26 C. J. § 249, p. 205.

The appellant did not abstract the instructions of the court to the jury, so it must be presumed that the issues joined and determined were submitted to the jury under correct declarations of the law.

No error appearing, the judgment is affirmed.