## American Surety Company of New York, Appellant, v. McSpadden.

*Principal and surety—Bonds—Application for indemnity.*

In an action to recover the costs of successfully defending a suit on a bond, it appeared that the defendant had made an application to the plaintiff surety company for a bond in his individual capacity and as president of a corporation. It further appeared that the surety company executed the bond in due form and delivered it to the defendant, who subsequently transferred it to the indemnitee, without signing it in his individual capacity. Suit was later brought on the bond and successfully defended on the ground that it was invalid because the defendant had failed to properly execute it. In defending this suit the plaintiff was compelled to pay the costs and expenses of trial.

Under such circumstances a verdict for the plaintiff will be sustained. When the surety company accepted the obligation and tendered an executed bond the transaction between it and the defendant was complete. Its performance was unaffected by what defendant subsequently did, or omitted to do, in his dealings with the obligee. When the plaintiff was required to defend the suit on the bond, and make expenditures covered by the agreement of indemnity, the defendant was liable for such expenses, according to the provisions in the application.

Argued April 16, 1925. Appeal No. 186 April T., 1925, by plaintiff from judgment of C. P. Somerset County, December T., 1923, No. 181, in the case of American Surety Company of New York v. J. C. McSpadden. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on application for surety bond. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff. Subsequently the court entered judgment in favor of the defendant, non obstante veredicto. Plaintiff appealed.

*Error assigned* was the decree of the court.

*E. W. Arthur,* and with him *E. E. Kierman* and *J. M. Magee,* for appellant.—A surety on a bond is entitled to reimbursement for expenses, and these expenses include counsel fees and costs in the successful as well as the unsuccessful suit on the bond: Robinson v. Bakewell, 25 Pa. 424; Andeson's Admrs. v. Washabaugh, 43 Pa. 115; Close v. Zell, 141 Pa. 390; Miller v. Caldwell, 4 Pa. 160; Bamford v. Keefer, 68 Pa. 389; Stroh v. Kimmel, 8 Watts, 157.

*Ernest O. Kooser,* and with him *John G. Ogle* and *Francis J. Kooser,* for appellee, cited: Slaymaker v. Irwin, 4 Wharton, 369; Joseph v. Richardson, 2 Pa. Superior Court, 208; Clements v. Bolster, 6 Pa. Superior Court 411; Swing v. Walker, 27 Pa. Superior Court 366; Ehrenstrom v. Hess, 262 Pa. 104; Hutchinson Baking Co. v. Wren, 100 Pa. 500; Nesbitt v. Turner, 155 Pa. 429; Lancaster v. Barrett, 1 Pa. Superior Court, 9; Bauschard Co. v. Fid. & Cas. Co., 21 Pa. Superior Court 370.

OPINION BY LINN, J., July 9, 1925:

Appellant, a surety company, sued on a written con-
tract of indemnity, seeking reimbursement for sums
expended in defending a suit brought against it by the
City of Elkins, West Virginia, in a court of that state.
Appellant alleged that defendant's liability grew out
of an application signed by him and the Elkins Electric
Railway Company, asking appellant to become surety
on a bond with defendant and the railway company as
principals, to be given by them to the City of Elkins as
obligee, conditioned as will appear.    Defendant ad-
mitted making the agreement in suit, but defended on
the ground that in the sequel it developed that he had
delivered the bond to the city without his signature as
one of the principals, and that in consequence of his
omission so to sign the bond, appellant, when sued for
breach of its condition, was held not to be liable for the
damage resulting to the city by the default of the
railway company, and that the judgment in appellant's
favor in that suit, relieved him from performing his
promise to appellant 'in this, notwithstanding that
appellant had fully performed for defendant all that
it agreed to perform, and had made the expenditures
now sought to be recovered, pursuant to the contract
for the bond delivered to the city by defendant.

The application provided that defendant and his co-
applicant, the railway company, would jointly and sev-
erally indemnify and save appellant harmless from
"every claim, demand, liability, cost, charge, counsel
fee,.......expense, suit, order, judgment and adjudi-
cation whatsoever," resulting from the issue of its
bond; appellant's claim is based on that agreement.
$2309.53 were claimed, but the jury rendered a verdict
for the plaintiff for $1,243.    The court then granted
defendant's motion for judgment n. o. v., stating its
reason for that action as follows: "The plaintiff had
a proposal that it become surety on a bond of indem-
nity with two principals.    It executed a bond as surety

with one principal, the Elkins Electric Railway Company. That was not an acceptance of the proposal as made to it by proponents; there was therefore no contract between the proponents and this plaintiff." That indicates some confusion of the contract evidenced by the application for the bond, with the contract evidenced by the bond itself. They were entirely different contracts.

Accepting the application, the surety company executed the instrument applied for, which provided that it, jointly with the railway company and defendant (but not severally) became bound to the City of Elkins in the sum of $5,000 conditioned that in removing the street car tracks from certain streets, the railway company should leave the streets in as good condition as they had originally been to the satisfaction of the municipal authorities. It is dated October 9, 1916, and was countersigned by appellant's agent at Charleston, West Virginia, on October 11, 1916. It was executed on behalf of the railway company by the president, J. C. McSpadden (i. e. McSpadden, the present defendant); it bears a notarial acknowledgment certifying that McSpadden, the president, on the 13th of October, 1916, signed and sealed the bond on behalf of the corporation and by its authority and so acknowledged it. In the opinion entering judgment n. o. v., the court says: "It appears it [the bond] was executed by the Elkins Electric Railway Company October 13, 1916, but how it was transported from Charleston to the City of Elkins, and when and by whom or by what means it was delivered to the City of Elkins does not appear from the evidence." We find no serious lack of evidence. The record shows the bond fully executed and delivered by the surety, in the hands of McSpadden, the appellee, on the 13th of October; why he did not then sign as principal, does not appear; perhaps, because he was not called as a witness. The record next shows the bond in the custody of the City of

Elkins, to whom it was delivered for the purpose specified in it. It is immaterial how it was transported thither, or by what argument the city was persuaded to accept, unsigned by one of the designated principals, an instrument on its face intended to be the joint obligation of three. So found in the possession of the city immediately after it had been in the hands of McSpadden, a jury would be justified in finding that McSpadden delivered or caused it to be delivered to the city. Nor will he be heard now to complain of such finding, for his own affidavit of defense avers: "Defendant further admits that this bond was subsequently delivered by defendant as president of the Elkins Electric Railway Company, or its agent to the City of Elkins......" That averment is recited here, not as evidence of the fact (because appellant's counsel did not put it into the testimony) but as indicating that McSpadden lacks ground to complain of the verdict. When the surety company had executed the instrument and delivered it to the parties who had applied for it,—to the principals,—that they might execute and deliver it to the obligee, appellant had done all that was required of it at that stage; appellant had then fully performed its contract with applicants and they had accepted performance, and jointly and severally had become bound to appellant to perform their promise stated in the application for suretyship.

After the city accepted the bond without McSpadden's signature, the tracks were removed in circumstances which led the city to bring suit against the surety on the bond for breach of condition. The surety company defended on the ground that the city had acquired no rights against the surety because the city had accepted the instrument without execution by the third joint obligor,—McSpadden—and that the omission appeared on the face of the instrument, and that appellant had not assented to the change. It appeared that the obligation to restore the streets was wholly

the obligation of the street railway company and that McSpadden was not bound by law or contract to remove the tracks and restore the streets; that permission to remove the tracks was given to the street railway company alone, the city, however, requiring the joint bond of the railway company and McSpadden. The city has no rights that could be asserted against the surety company: City of Elkins v. Elkins Electric Railway Company, 105 S. E. 233. The instrument was delivered, as has been said, to the city by McSpadden, the defendant, and it was the same instrument which McSpadden and the railway company bargained to obtain by their application to appellant; its value to the city—as it turned out—was destroyed by McSpadden's breach of contract to execute the instrument as he had agreed to do. In defending that suit, appellant was required to spend money for the fees of witnesses and counsel and to pay expenses and costs.

It appears from this recital of the facts, which are not in dispute, that the joint and several obligation of the railway company and McSpadden was incurred by applying for and obtaining the bond executed by appellant,—a proposal made and accepted; that performance as between them, resulted in a completed transaction; that performance is unaffected by what McSpadden subsequently did, or omitted to do, in his dealings about it with the obligee. In consequence of what he did with the instrument, appellant was required to defend the suit in West Virginia, and make expenditures covered by the agreement of indemnity. As the surety company performed its obligation to the applicant, the railway company and McSpadden, he must likewise perform his, to the surety company.

The judgment is reversed and the record is remitted with instructions to enter judgment on the verdict.