## John J. Murphy & Co., Inc., v. Manufacturers' Casualty Insurance Company, Inc.

*Automobiles — Liability insurance — Construction of policy — "Business calls, excluding commercial delivery" — Denial of liability — Settlement by assured.*

1. Under an automobile liability policy containing a clause providing that the car insured is to be used for "private, pleasure and business calls, excluding commercial delivery," the words "commercial delivery" mean "the regular, almost habitual use of the car for commercial delivery, and not the temporary or incidental use thereof."

2. An indemnity company bound by a policy to defend suits against the assured breaks its contract by a refusal to defend, claiming non-liability under the terms of the policy, and thereby releases the assured from a condition in the policy not to settle any claim without the consent of the insurer.

Motion for judgment *n. o. v.* M. C. Phila. Co., Sept. T., 1924, No. 378.

*Forster & Gazzam,* for plaintiff; *Duane, Morris & Heckscher,* for defendant.

LEWIS, J., Sept. 23, 1926.—In this case binding instructions for the plaintiff were given by the trial judge, and a motion for judgment *n. o. v.* having been denied, the defendant has taken an appeal to the Superior Court, necessitating a statement of the reasons which moved this court in the action taken.

The undisputed evidence in the case reveals the following facts:

On Sept. 26, 1923, the defendant issued and delivered to the plaintiff a policy commonly known as an "Automobile liability policy," wherein and whereby, in return for premium charged and received by the defendant, the latter agreed "to indemnify the assured therein named (the plaintiff) against loss from liability imposed by law upon the assured for damages on account of bodily injuries accidentally sustained by any person by reason of the ownership, maintenance or use of the automobile of the plaintiff for the purpose specified in Item 3 of the warranties in said policy. . . ."

Item 3 of said policy provided as follows: "The purposes for which the . . . automobile is to be used are private, pleasure and business calls, excluding commercial delivery."

The policy also contained the following conditions:

"Paragraph 'C,' line 6: 'The Assured shall not voluntarily assume any liability, settle any claim or incur any expense except at his own cost, or interfere in any negotiation for settlement or legal proceeding without the consent of the Company previously given in writing.'

"Paragraph 'D': 'No action shall lie against the Company to recover upon any claim or for any loss under this policy unless brought after the amount of such claim or loss shall have been fixed and rendered certain, either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the Company.' "

On Jan. 8, 1924, the vice-president of the plaintiff company undertook to deliver, employing the automobile covered by the insurance, a box of glass to a school-house in Tacony, Philadelphia, where the plaintiff's workmen were engaged on a job. As the automobile approached a street intersection, the driver reached back to straighten the box of glass, and in the act of doing so he steered the automobile into the door of a standing trolley-car, which was then discharging passengers, and injured one Maurice A. Schoales.

On Feb. 27, 1924, the defendant company wrote to the plaintiff, stating that their investigation disclosed that the Ford sedan being operated at the time of the accident was diverted to and used for commercial delivery, and

that since the policy excluded "commercial delivery" there was no coverage under it.

On March 5, 1924, in response to the plaintiff's letter, the defendant again stated in writing that the position of the company as set forth was final.

There was additional evidence to the effect that the defendant company refused to assume liability in the case, and, furthermore, refused to assume the defence of any threatened and contemplated action.

On June 19, 1924, on the advice of its counsel, the plaintiff, in good faith, paid to the injured party, who had threatened suit, the sum of $1000, and secured from him a release of all claims for the injuries sustained. The settlement was made without any suit having been instituted by the claimant.

Thereafter this action was instituted to recover from the defendant insurance company the amount so paid, together with counsel fee of $250.

On this state of facts the trial judge directed the jury to find a verdict for the plaintiff in the full amount of its claim.

In discussing the several questions raised by defendant's motion for judgment non obstante veredicto, it is well to keep in mind that it is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the company: 32 Corpus Juris, 1152, § 265; Francis v. Prudential Ins. Co., 243 Pa. 380; Krebs v. Philadelphia L. I. Co., 249 Pa. 330.

The clause in the insurance policy providing that the car insured is "to be used for private pleasure uses and business calls, excluding commercial delivery," has received judicial interpretation on a number of occasions, and has been construed to mean the regular, almost habitual use of the car for commercial delivery, and not the temporary or incidental use thereof.

Berry, in his work on Automobiles (4th ed.), § 1861, page 1581, says: "An automobile fire policy contained a warranty that the uses to which the car 'is and will be put are private pleasure uses and business calls, excluding commercial delivery.' The insured's husband conducted a flower shop, and at the time the car caught fire it was being used in delivering a package of flowers to a customer, and was being driven by an employee of her husband. It appeared that the car was used occasionally, but not regularly, in delivering flowers." Held, that there was no breach of warranty. See, also, Firemen's Ins. Co. v. Rye, 160 Ark. 212; Cohen v. Chicago Bond Co., 146 Minn. 222, and Annotation in 14 Am. Law Reps. 205.

It is claimed by the defendant that plaintiff made a voluntary settlement with the injured man without the consent of the company and without trial of the issue and final judgment by a court of law, thus breaching the terms of the contract between it and the insurance company. When it is remembered that the settlement made by the plaintiff was only after defendant put its position on record to the effect that there would be no coverage under the policy, and that its position in this regard was final, the argument that plaintiff breached the condition of its policy loses its force.

An indemnity company bound by a policy to defend suits against the assured breaks its contract by a refusal to defend, claiming non-liability under the terms of the policy, and thereby releases the assured from a condition in the policy not to settle any claim without the consent of the insurer: Butler Bros. v. American Fidelity Co., 120 Minn. 157; Fidelity & C. Co. v. The Southern R. News Co., 31 Ky. L. Rep. 55.

The evidence in this case indicates that the assured, in good faith and within a reasonable time after the accident occurred, admitted its liability and compromised and settled the claim for a reasonable sum, thus saving the

annoyance of having an unsettled claim and the expense that would follow litigation, and also the loss that might be incurred if the claimant succeeded in recovering a larger sum.

As was said by the Federal Supreme Court in St. Louis Dressed Beef and Prov. Co. v. Maryland Casualty Co., 201 U. S. 173, the assured is entitled "to treat the contract as on foot, notwithstanding the defendant's act, and go on with it *cy pres*. Under the circumstances, it (the assured) could not comply literally with the words, and was justified in doing the best thing that could be done for the interest of both. The defendant, by its abdication, put the plaintiff in its place with all its rights."

In the case of Interstate Casualty Co. v. Wallins Creek Coal Co., 164 Ky. 778, the loss was settled before the suit was brought, and in the discussion of the case Carroll, J., in referring to the St. Louis Dressed Beef and Prov. Co. v. Maryland Casualty Co., said: "The conditions in the policy contract in that case were identical with the ones in the policy contract here involved, and the only difference in the facts is that in that case the company advised the insured that it denied liability and the insured did not settle the claim until after suit had been brought; while in this case there was no express denial of liability to the insured, and the loss was settled before suit was brought. This difference, however, in the facts is not a substantial one, as the insurance company in this case, by its failure, or rather its refusal, to direct the insured what it wished done, in effect denied its liability. In other words, it made up its own mind that it was not liable, and then concluded that it would not give the matter any further attention and that the insured could do what it pleased. Under these circumstances, the insured had the right to treat this inaction of the insurance company as a denial of liability on its part, and to act on the assumption that it would further refuse to recognize its liability by failing to undertake to defend any suit that the injured party might bring and to make the best settlement it could. . . . If the insurance company, in response to a notice from the insured, had expressly denied its liability, we have no doubt that the insured might have effected a reasonable settlement of the claim and recovered from the insurance company the amount paid in settlement, provided, of course, the liability was covered by the policy and the injured party had an enforceable claim against the insured."

Can there be a more conclusive denial of liability than is shown by the facts evidenced in this case? The letter of Feb. 27, 1924, wherein the defendant refused to entertain plaintiff's claim on a specified ground, thus estopping itself from asserting other grounds for relieving itself of liability, taken together with the letter of March 5, 1924, wherein the insurance company states that "the position of our company with respect to the above case is final," conclusively, in our judgment, disposes of the technical objections raised by counsel for defendant at this time. See, also, Royal Indemnity Co. v. Schwartz, 172 S. W. Repr. 581; Mayor L. & Co. v. Commercial Casualty Ins. Co., 169 App. Div. 772.

In Jahns & K. v. American Indemnity Co., 182 Wis. 556, the court held that an indemnity company bound by an employer's policy to defend suits, which repudiates its obligation, whereupon the employer makes a reasonable and fair settlement, cannot defend on the ground that the assured voluntarily assumed liability in violation of the provision in the policy. See, also, 14 Ruling Case Law, 1322, § 498.

In Fullerton v. U. S. Casualty Co., 167 N. W. Repr. 700, it was held that an indemnity insurer which abandons its obligation and denies liability growing out of an accident which is covered by its policy cannot defend an action

John J. Murphy & Co., Inc., *v.* Manufacturers' Casualty Insurance Company, Inc.

to recover for money paid by the insured in settlement of the claim, on the ground that it was paid in compromise without a judgment, whereas the contract provided for recovery only where the payment is in satisfaction of a judgment.

We think that the defendant not only denied its liability, but repudiated its obligation and abandoned the case, leaving the assured at liberty to take up the claim and to make the most favorable settlement possible. The plaintiff pursued the best course available to it under the circumstances. The *bona fides* of the settlement are in no way attacked by the defendant. We think the defendant's conduct is a complete bar to its maintaining the defence attempted to be set up in this action.

For these reasons, we think the trial judge was correct in directing a verdict for the plaintiff.

The defendant's motion for judgment *n. o. v.* is, therefore, denied.