## Murphy & Co. *v.* Manufacturers' Casualty Company, Appellant.

*Automobiles—Automobile Insurance—Stipulation as to use—Occasional use—Policy—Interpretation.*

An occasional use by a Vice-President of an industrial corporation, to deliver a box of glass to its own workmen, is not using an automobile for commercial delivery, as prohibited in accordance with the terms of a policy, which provided that the insured car was to be used for "private pleasure and business calls, excluding commercial delivery."

Where an insurance company has denied all liability, the insured is justified in making as advantageous a settlement as it can, and can look to the insurance company for reimbursement under the policy, where the claim of the injured person was not disputed.

The stipulation in the insurance policy that "the assured shall not voluntarily assume any liability, settle any claim or incur any expense, except at his own cost * * * without the consent of the company previously given in writing," does not apply when the defendant, by its denial of liability, put an end to its right to demand further compliance with this provision of the contract.

If the insurance company, in response to a notice from the insured, expressly denied its liability, there is no doubt that the insured can effect a reasonable settlement of the claim and recover from the insurance company the amount paid in settlement, provided, of course, that the liability was covered by the policy, and the injured party had an enforceable claim against the insured.

In such case it is error to include legal expenses which were not incurred in connection with the defense or settlement of the insured parties claim against the insured  A claim for attorneys fees incurred in prosecuting the claim against the insurance company could not properly be included in the contract of indemnity.

Argued October 7, 1926. Appeal No. 43, October T., 1926, by defendant, from judgment of the Municipal Court of Philadelphia County, September T., 1924, No. 378, in the case of John J. Murphy & Co. v. Manufacturers' Casualty Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Modified and affirmed.

Assumpsit on policy of insurance. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,350, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in giving binding instructions in favor of the plaintiff, and refusal of defendant's motion for judgment non obstante veredicto.

*C. G. Myers,* and with him *Duane, Morris and Heckscher,* for appellant.—The policy of insurance did not cover the use of a pleasure car for delivery purposes: Rykill v. Franklin Fire Insurance Company, 80 Pa.

Superior Ct. 492; Berry Law on Automobiles, 4th Ed., Sec. 1859; Oriental Insurance Company v. Van Zant, 50 Okla. 558; Elder v. Federal Insurance Company, 213 Mass. 389.

*J. Montgomery Forster,* of *Peck, White & Forster,* for appellee.—The use to which the automobile was put was covered by the terms of the policy: Firemen's Insurance Company of Newark v. Rye, 254 S. W. 465; Crowell v. Insurance Company, 85 S. E. 37, Ann. Cas. 1917 D, 50; Commercial Assurance Company v. Hill, 167 S. W. 1095; Krebs v. Philadelphia Life Insurance Company, 249 Pa. 330; Yost v. Anchor Fire Insurance Company, 38 Pa. Superior Ct. 594.

OPINION BY KELLER, J., December 10, 1926:

This was an action of assumpsit on a policy of automobile casualty insurance. The learned court below directed a verdict for the plaintiff. The assignments of error complain of the refusal of the court to direct a verdict for the defendant or enter judgment in its favor non obstante veredicto.

The appellant contends that it was entitled to binding instructions on two grounds: (1) Because, contrary to the statement in the plaintiff's application for insurance, the automobile causing the injury was used for "commercial delivery"; and (2) because the plaintiff settled the claim of the injured person before suit brought or final judgment obtained.

(1) In the application for this insurance plaintiff stated, (Item 3), that the purposes for which the described automobile—a Ford Sedan—was to be used were, "private pleasure and business calls, excluding commercial delivery." The policy indemnified the assured, inter alia, against loss from the liability imposed by law upon it for damage on account of bodily injuries sustained by any person by reason of the ownership of the automobile described in the "Declar-

ations" forming the application—declared by the policy to be warranties—and used for the purpose specified in Item 3 thereof. Plaintiff was in the paint and glazing business. It had some men working at a new school building in Tacony and a box of glass was needed on the job. The truck driver was not working that day and the vice president took the box in the Ford Sedan and while on the way injured a man named Schoales, who made claim for damages. Plaintiff at once notified defendant of the claim and informed it of the circumstances attending the injury; and defendant denied in writing all liability under the policy for the damages claimed, on the ground that the policy contract excluded commercial delivery; and later wrote again that its position was final. The learned court below ruled that the clause related to the regular or frequent use of the automobile for commercial delivery and not to a temporary or incidental use such as this was; citing Firemen's Ins. Co. v. Rye, 160 Ark. 212, 254 S. W. 465, and Cohen v. Chicago Bonding & Ins. Co., 146 Minn. 222, 178 N. W. 485. We are of opinion that the operation above described was not a "commercial delivery" within the meaning of the policy. Plaintiff did not use the car to make delivery of goods to its customers; it used it to carry a box of material to its own workmen. If the contention advanced by the appellant in its argument were adopted the owner of a "pleasure" car would lose the indemnity provided by such a policy if his wife went marketing or shopping and took her purchases home with her in the car, or returned them in the car to the store if they proved unsatisfactory. The term means no such thing. It contemplates the commercial delivery of goods to a customer and not the incidental carrying of packages in connection with one's own business or affairs. The case of Rykill v. Franklin Fire Ins. Co., 80 Pa. Superior Ct. 492, relied upon by

the appellant, is not applicable. In that case the policy contained a provision that the insurance should terminate if the automobile described were used for carrying passengers for compensation or were rented or hired without the written consent of the company endorsed thereon. There is no provision in this policy that the insurance shall cease if any packages be carried in the described automobile. The policy must be construed most strongly against the insurer and in favor of the insured: Francis v. Prudential Ins. Co.,. 243 Pa. 380; Krebs v. Phila. Life Ins. Co., 249 Pa. 330.

(2)   After appellant denied all liability under the policy in suit, plaintiff on the advice of its attorney, settled Schoales's claim for damages for $1000, and brought this action. The insurance company was not absolutely bound by the settlement; it could have defended on the ground that Schoales had no enforceable claim against the plaintiff, or that the amount paid him was excessive: Mayor, Lane & Co. v. Commercial Cas. Ins. Co., 155 N. Y. Supp. 75. As it did neither we must assume that the plaintiff was liable to Schoales and that the settlement was fair and reasonable. In fact, it is not disputed. But appellant contends that under the following conditions of the policy, plaintiff's act in settling with Schoales relieved it of all liability:

"(C) ......The Assured shall not voluntarily assume any liability, settle any claim or incur any expense, except at his own cost, or interfere in any negotiations for settlement or legal proceeding without the consent of the Company previously given in writing.

(D)   No action shall lie against the Company to recover upon any claim or for any loss under this Policy unless brought after the amount of such claim or loss shall have been fixed and rendered certain, either by final judgment against the Assured after

trial of the issue or by agreement between the parties with the written consent of the Company.''

But both of these conditions are predicated on the willingness of the insurance company to perform its prior agreement: ''To defend in the name and on behalf of the Assured any suits which may at any time be brought against him on account of such injuries''; and when the company unequivocally repudiated all liability under the policy, it was in no position to insist that the insured must do nothing until an action was brought against it and then press the case to final judgment, instead of making a settlement of the loss advantageous to both insurer and insured. The insurance company's initial repudiation of the contract in denying liability under the policy relieved the insured of strict performance of those provisions intended for the protection of the insurer only if it recognized the liability and assumed charge of the matters relating to the claim. In St. Louis Dressed Beef Co. v. Maryland Casualty Co., 201 U. S. 173, 50 L. Ed. 712, the conditions of the policy were practically the same as in this one. The facts differ from this case only in that suit was brought by the injured person against the insured before the insurance company denied liability under the policy. A settlement of the case was made without the knowledge or consent of the insurer, and in a suit on the policy the same defense was presented as here and held untenable. Mr. Justice Holmes, speaking for the Court, said: ''The defendant, by its abdication, put the plaintiff in its place, with all its rights ....... It would be stretching the words quoted to a significance equally hurtful to both parties, and probably equally absent from the minds of both, to read them as having within their scope an initial repudiation of liability by the defendant, and a requirement that, in that event, the plaintiff should be bound to try the case against itself, although it should be

plain that by a compromise it could reduce its claim on the defendant as well as its own loss," and "The defendant, by its refusal, cut at the very root of the mutual obligation, and put an end to its right to demand further compliance with the supposed term of the contract on the other side."

To the same effect, see Butler Bros. v. American Fidelity Co., 120 Minn. 157, 139 N. W. 355; Mayor, Lane & Co. v. Commercial Cas. Ins. Co., supra; Jahns & Knuth Co. v. American Ind. Co. (Wis.) 196 N. W. 569; Fullerton v. U. S. Casualty Co. (Iowa) 167 N. W. 700; and Interstate Casualty Co. v. Wallins Creek Coal Co., 164 Ky. 778, 176 S. W. 217. The last named case, on its facts, was like the present one in that settlement was made before suit was brought, but differed in that the company never expressly denied liability but merely ignored the insured's notice of claim for three months; the company was nevertheless held liable for the amount paid in settlement. The court said, in its opinion: "If the insurance company, in response to a notice from the insured, had expressly denied its liability, we have no doubt that the insured might have effected a reasonable settlement of the claim and recovered from the insurance company the amount paid in settlement, provided, of course, that the liability was covered by the policy and the injured party had an enforceable claim against the insured"; and ruled that failure to respond to the notice of claim for that length of time was equivalent to a denial of liability.

We are of opinion that the court below committed no error in refusing to give binding instructions for the defendant or enter judgment non obstante veredicto in its favor.

On a review of the whole record, however, we are obliged to reduce the judgment by the amount incurred for legal expenses, $250. This amount was not paid or incurred in connection with the defense or

settlement of Schoales's claim against the insured; if it had been it might have been a proper item of expense, recoverable against the defendant under the terms of this policy.   See Brassil v. Maryland Casualty Co., 133 N. Y. Supp. 187 [affirmed, 210 N. Y. 235, 104 N. E. 622]; Aetna Life Ins. Co. v. Bowling Green Gaslight Co., 150 Ky. 732, 150 S. W. 994; Royal Ind. Co. v. Schwartz, (Texas) 172 S. W. 581; Stevens & Co. v. Frankfort etc. Ins. Co., 207 Fed. 757 (C. C. A.); American Surety Co. v. McSpadden, 86 Pa. Superior Ct. 316.   But the statement of claim and the evidence in the record show that the claim was for attorney's fees incurred in prosecuting the present action; and for this the defendant is not liable any more than any other insurance company which refuses to admit liability under a policy.

The Act of April 22, 1905, P. L. 286, directs this court, on an appeal from a judgment following a rule for judgment non obstante veredicto to "enter such judgment as shall be warranted by the evidence taken in [the lower] court." As the evidence does not warrant the recovery of the legal expenses claimed in this action, we accordingly modify the judgment by reducing it to $1100, (as of date of December 15, 1925), and as so modified the judgment is affirmed.