Basoco, Appellant, *v.* Just et al.

Argued November 17, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J. absent).

*Harry C. Liebman,* for appellant.

*I. Nathanial Treblow,* for appellee.

OPINION BY KENWORTHEY, J., January 27, 1944:
About four o'clock in the morning of April 10, 1939,

appellant was injured while riding as a passenger in an automobile owned and operated by Bernard T. Just. The car was being driven from Beach Haven, New Jersey, to Philadelphia on Route No. 40. When it reached Delaware Township, Camden County, New Jersey, Just fell asleep, ran off the road and struck an electric light pole.

Just promptly notified Seaboard Mutual Casualty Company, his insurance carrier, which made an investigation of the accident. Its attorney entered his appearance, defended Just at the trial in April, 1940 before Judge Bok and a jury, which resulted in a verdict for appellant in the amount of $500, and filed and argued motions for a new trial and for judgment n.o.v., which were refused.

After the refusal of the motions for new trial and judgment n.o.v. but not until then, the company disclaimed liability under the policy.[1] In the written disclaimer, dated May 28, 1940, it mentioned two grounds; in the trial of the subsequent garnishment proceeding it raised a third ground which it also advances here. They are: (1) Just gave testimony in the trial of the trespass action which conflicted with the written statement furnished the company immediately after the accident; (2) that by representing in the written statement that he had only had a "couple of eggnogs," he violated a provision of the policy requiring the assured to aid the company in "securing and giving evidence" because he was, in fact, drunk, and by refusing to admit it he deprived the company of the defense of contributory negligence (*Cassidy v. Evans*, 343 Pa. 483, 23 A. (2d) 449) ; and (3) that since he was, in fact, drunk, he was "prohibited by law from operating an auto-

---

[1] Except for the wholly ineffectual oral statement by the claims superintendent immediately after the trial that the company was disclaiming. See *Miller v. Union Indemnity Co.*, 209 App. Div. 455, 204 N. Y. S. 730.

mobile" in violation of another provision of the policy. In passing, it may be observed that the last two of the grounds are somewhat inconsistent; on the one hand the company says it is entitled to disclaim because Just refused to admit he was drunk, and, on the other, that the fact he was drunk was a breach of a condition of the policy.

The garnishment proceeding was tried on interrogatories and answers before Judge ALESSANDRONI and a jury; it resulted in a verdict for the company.

The discrepancy between the written statement given the company's investigator after the accident and the testimony at the trial, in one of which he said he had two drinks and in the other of which he said he had but one, was clearly inconsequential. *Conroy v. Commercial Cas. Ins. Co.*, 292 Pa. 219, 140 A. 905; *Donaldson v. Farm Bur. Mut. Auto Ins. Co.*, 339 Pa. 106, 14 A. (2d) 117. If we were required to meet them, the other two grounds present questions of interpretation of the policy. In our opinion, they are not before us because the company took them out of the case by its conduct.

For, within four months after the accident and more than eight months before the trial, the company, through its investigations, learned that Just had been found guilty of operating a motor vehicle while under the influence of intoxicating liquor, fined $200 and costs and had his driver's license revoked for two years. [2]

We are fully aware of the difficult problem which confronted the company when it learned, by its independent investigation, the true facts. Its immediate disclaimer and withdrawal from the case with the control of the defense relinquished to Just, who was friendly to appellant, might have resulted in a much larger verdict which the company would have had to

---

[2] An appeal from the conviction was taken, but was withdrawn on February 20, 1940.

pay if the question of coverage were ultimately decided against it.[3] On the other hand, the company knew, or it certainly should have known, that under the decisions[4] its continued participation in the case, in an effort to minimize the risk we have just mentioned, would be likely to subject it to liability by waiver.

The result of the subsequent trial in the garnishment proceeding would indicate that the company made the wrong choice. But we think it is bound by it. In *Malley v. American Indemnity Co.,* infra footnote 4, the Supreme Court said at pages 222 and 224: " 'By undertaking the defense the company elected to treat plaintiff's cause of action, if he had any, as covered by its contract; and when it substituted itself and its judgment for that of the defendant, both plaintiff and defendant have a right to insist that the final judgment establishes the liability and debt of the company to the assured. The undertaking to defend is of no value, and may be of great danger, to the assured, where he thus abandons all control of the suit to the company, if it does not mean that whatever liability is established shall be discharged.' " And, "Where an insurance company, under an indemnity contract, takes charge of the defense of an action on which liability rests, it will be estopped from thereafter questioning the claim either because it was beyond the terms of the policy or because the latter was procured by a breach of some warranty."

The rule would be too harsh if applied to a case where

---

[3] Where the company's withdrawal is a breach of the contract, it has been held that the assured may even settle a case and permit a verdict to be entered by agreement and that to escape the binding effect of it the company has a heavy burden. *Murphy & Co. v. Manufacturers' Casualty Co.,* 89 Pa. Superior Ct. 281.

[4] *Malley v. American Indemnity Co.,* 297 Pa. 216, 146 A. 571; *Lewis v. Fid. & Cas. Co.,* 304 Pa. 503, 509, 156 A. 73; compare *Gross v. Kubel,* 315 Pa. 396, 172 A. 649; *Orcutt v. Erie Indem. Co.,* 114 Pa. Superior Ct. 493, 174 A. 625.

the facts upon which the disclaimer is properly based are not, through no fault of the company, discovered until after it is too late for the company to withdraw without prejudicing the rights of the assured. The somewhat feeble contention is made that this was true in the present case. But the fact of Just's intoxication came to the knowledge of the company in August 1939. Nothing of importance bearing on the issues here involved either developed or was discovered thereafter. If the breach consisted of furnishing the company with false evidence, it occurred when he gave the written statement immediately after the accident. Whether that was the breach, or whether it consisted of operating the automobile while intoxicated, the true fact was discovered by the company in August 1939. It was then that the rights, if any, of the company matured.

Simply stated, this is a case in which the assured lied to the company about facts the latter now contends would have justified it in disclaiming coverage, and after the discovery of which the company lacked either the courage or sufficient conviction to assert its rights, withdraw from the case and stand by the position taken.

Since the company's knowledge, in August 1939, of the facts upon which it now relies was admitted by its superintendent, called as its witness at the trial of the garnishment proceeding, there was nothing to submit to the jury and the court should have given binding instructions for appellant.

The judgment is reversed and directed to be entered for plaintiff against Seaboard Mutual Casualty Company, garnishee.