516

*Peter F. Cianci,* for plaintiff.

*Stevens & Lee; John D. Glase* and *Richard A. Bausher,* for defendants.

HESS, J., June 3, 1955.—On March 19, 1954, defendant, American Casualty Company of Reading, Pa., issued to plaintiff, Pennsylvania Home Improvement Company, a comprehensive liability insurance policy. Plaintiff alleges that on June 10, 1954, while the workmen of plaintiff were engaged in applying a mastic by means of a spray gun on certain properties located in Lancaster, Pa., some of the material being applied fell on nine parked automobiles. The claims of the nine automobile owners individually ranged from $20 to $40, and were presented to plaintiff in the total amount of $219.50. Plaintiff notified defendant of the claims and the latter denied coverage under the policy in question. Thereafter, under threat of suit and upon the advice of an attorney, plaintiff paid the total amount of the claims.

Plaintiff instituted a suit in assumpsit on the policy of insurance against defendant to recover the total

amount of the claims paid, $219.50, less $50 under a
$50 deductible clause in the policy, plus counsel fees
incurred. The matter is before the court on prelimi-
nary objections in the nature of a demurrer filed to
plaintiff's complaint. Defendant contends that: (1)
There has been no determination of legal liability on
the part of plaintiff, and the amount of plaintiff's
obligation to pay was not determined by judgment
after trial, which is prerequisite to this suit under a
"no action clause" in the policy, and (2) the amount
of each of the several claims being under $50, defend-
ant is not liable under the deductible property damage
endorsement.

1. The "no action clause".—Under the policy in
question, condition no. 11 in part provides:

"The insured shall not, except at his own cost, volun-
tarily make any payment, assume any obligation or
incur any expense other than for such immediate
medical and surgical relief to others as shall be im-
perative at the time of accident or occurrence."

Condition no. 12 in part provides:

"No action shall lie against the Company unless, as
a condition precedent thereto, the insured shall have
fully complied with all the terms of this policy, nor
until the amount of the insured's obligation to pay
shall have been finally determined either by judgment
against the insured after actual trial or by written
agreement of the insured, the claimant and the com-
pany."

Defendant contends that the foregoing conditions
have been violated according to the allegations of the
complaint and that plaintiff is thereby precluded from
recovery. Plaintiff contends that when defendant
denied coverage under the policy it waived compliance
with the conditions in question.

In Murphy & Co. v. Manufacturers' Casualty Co.,
89 Pa. Superior Ct. 281, similar policy conditions were

considered by the Superior Court which stated, page 286:

"But both of these conditions are predicated on the willingness of the insurance company to perform its prior agreement: 'To defend in the name and on behalf of the Assured any suits which may at any time be brought against him on account of such injuries'; and when the company unequivocally repudiated all liability under the policy, it was in no position to insist that the insured must do nothing until an action was brought against it and then press the case to final judgment, instead of making a settlement of the loss advantageous to both insurer and insured. The insurance company's initial repudiation of the contract in denying liability under the policy relieved the insured of strict performance of those provisions intended for the protection of the insurer only if it recognized the liability and assumed charge of the matters relating to the claim."

Defendant contends that while it did deny coverage, at all times it stood ready and willing to defend plaintiff against the claims. We need not now decide whether willingness to defend is material for the reason that paragraph 12 of the amended complaint alleges that "12. Defendant denied coverage and refused to hold insured plaintiff harmless." If "willingness to defend the insured" is material, it can be pleaded in defendant's affidavit of defense.

The doctrine enunciated in Murphy & Company v. Manufacturers' Casualty Co., supra, has been cited with apparent approval by both the Superior and Supreme Courts in comparatively recent cases: Basoco v. Just et al., 154 Pa. Superior Ct. 294, 297, and Roberts v. Firemen's Insurance Company of Newark, N. J., 376 Pa. 99, 105-106. On the authority of the cases cited we find that there is no merit in defendant's first contention.

2. The deductible property damage endorsement.—Attached to the policy in suit is a deductible property damage endorsement (per claim basis) which in part contains the following language:

"It is agreed that such insurance as is afforded by the policy for Property Damage Liability applies subject to the following provisions: (1) $50.00 shall be deducted from the total amount of all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages on account of injury or damage to property of any one person, in any one accident, and the Company shall be liable only for the difference between such deductible amount and the limit of the Company's liability for each accident as stated in the policy."

Defendant contends that inasmuch as it appears in the complaint that each and every claim against the insured and payment by the insured was for an amount less than $50, plaintiff cannot recover under the policy. Plaintiff contends that the language should be construed to mean that for any one accident in which any one person's property is damaged, even though the property of other persons may have been damaged in the same accident, there shall be one $50 deduction.

We cannot accept the construction advanced by plaintiff. The endorsement plainly states that it is on a "Per Claim Basis." Each person making a claim against the insured is an individual claimant and in the event of suit against the insured would do so on an individual basis. If the limitation were expressed as being on "an accident basis" or on "an occurrence basis" we might find some logic in plaintiff's proposed construction. The language of the endorsement is plain and unambiguous and we can give to it only one meaning, i.e., that if the insured in one accident causes damage to the property of one claimant or any number of claimants, the insurance carrier can be liable to any

individual claimant only for such amount of the claim as exceeds the deduction of $50. Since each individual claim against plaintiff for which it seeks to recover is for an amount less than $50, we must decide this question in favor of defendant and sustain the demurrer.

And now, to wit, June 3, 1955, the preliminary objections in the nature of a demurrer are sustained.