William P. **JONES**

v.

Jack Leonard **ROBBINS.**

Civ. A. No. 29225.

United States District Court
E. D. Pennsylvania.

Sept. 16, 1966.

**586**

Melvin E. Caine, Caine & DiPasqua, Media, Pa., Harry R. Kozart, Weissman & Kozart, Philadelphia, Pa., for plaintiff.

Albert L. Bricklin, Bennett & Bricklin, Philadelphia, Pa., for garnishee.

OPINION

JOHN MORGAN DAVIS, District Judge.

The plaintiff, a passenger in the truck driven by defendant, instituted this diversity action against the latter for personal injuries and property damage sustained in an accident on May 8, 1960 on the Pennsylvania Turnpike. The case proceeded to trial, and the plaintiff obtained a judgment against the defendant. An attachment execution was issued against Aetna Insurance Company, the insurer of the truck driven by the defendant. The Insurance Company, however, denies liability. We now have before us the plaintiff's motion for summary judgment and the garnishee's cross motion for summary judgment.

The plaintiff had leased his truck to the Coldway Food Express, Inc., an authorized carrier under the Interstate Commerce Act. Under the agreement, the plaintiff surrendered complete control over the vehicle to the lessee and agreed to operate it as the lessee directed. On the day of the accident, both the plaintiff and the defendant, a relief driver provided at the direction of Coldway, were engaged in transporting goods for the latter from Chicago to New York. The accident itself occurred while the defendant was driving and the plaintiff was asleep in the bed-bunk of the truck.

The question before us is whether or not the policy of insurance that the garnishee had issued to Coldway covers the circumstances involved in the present case. The pertinent provisions of the policy are as follows:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, * * * applies with respect to all owned automobiles and hired automobiles, and the use, in the business of the named insured, of non-owned automobiles, subject to the following provisions:

1. Definition of Insured. As respects such insurance, Insuring Agreement III, Definition of Insured, is replaced

by the following: With respect to the insurance for Bodily Injury Liability * * * the unqualified word "Insured" includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile. The insurance with respect to any person or organization other than the named insured does not apply:

(a) except with respect to an employee of the named insured to any person or organization, or to any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others, with respect to any automobile of the commercial type (1) unless the accident occurs while such automobile is being used exclusively in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority * *

provided, however, a driver or other person furnished to the named insured with an automobile hired by the named insured shall not be deemed an employee of the named insured;

* * * * * *

(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer:"

The garnishee contends that both plaintiff and defendant were employees of Coldway, the insured, and thus are precluded from recovery under sub-paragraph (c). The plaintiff, on the other hand, argues that he and the defendant were not employees within the meaning of the policy because of the proviso of sub-paragraph (a) which states that "a driver or other person furnished to the named insured with an automobile hired by the named insured shall not be deemed an employee of the named insured."

The law of Pennsylvania is clear that the definition of the term "employee" is to be governed by that given in the policy rather than by any meaning generally accorded it in the law outside of the insurance field. Cipa v. Metropolitan Life Ins. Co., 155 Pa.Super. 339, 38 A.2d 518, aff'd 352 Pa. 298, 42 A.2d 539 (1944). Consequently, the garnishee's reliance on Judge Kraft's Opinion in Jones v. Coldway Rentals, Inc., E.D.Pa., 31 F.R.D. 581, December 17, 1962, is inapposite. While Judge Kraft found that the plaintiff Jones was an employee of Coldway, the court was not at all concerned with the interpretation of the insurance policy which is presently before us.

There is no question that the plaintiff and defendant are not considered employees under the proviso of sub-paragraph (a) of the insurance contract. We must now decide whether this definition carries over to sub-paragraph (c). If it does, the parties will not be deemed employees, and the plaintiff will not be precluded from recovery under the policy.

While it is true that the definition of the term employee is located in sub-paragraph (a) and not within the initial paragraph of section 1, or in sub-paragraph (c), we have come to the conclusion that this definition applies to sub-paragraph (c). It is well settled that insurance contracts are construed strictly against the maker, who selected the phraseology used in the policy, and liberally in favor of the insured. See e. g. Lovering v. Erie Indemnity Co., 412 Pa. 551, 195 A.2d 365 (1963). It seems to us that it would have been easy for the company to have included a clause specifically restricting to sub-paragraph (a) the meaning of the term employee formulated therein if it had meant this result or if it had wished to avoid any ambigu-

ity. In the absence of such a limitation, we deem the garnishee to have intended this definition to apply to sub-paragraph (c) also.

Even assuming that the parties were employees within the meaning of that sub-paragraph, the garnishee is estopped from raising the defense of noncoverage under the facts presented before us.

After the occurrence of the accident on May 8, 1960, Coldway was immediately notified. It reported the matter to the garnishee who thereupon engaged adjusters in Akron, Ohio and Philadelphia, Pennsylvania, to investigate and adjust any claims arising from the accident. In June, the plaintiff's attorney notified the adjustment agency in Philadelphia that he was representing the plaintiff in his claim for personal injuries and property damage and in October notified that same agency that he was representing the plaintiff in his claim against the driver of the truck. In February 1961, the plaintiff filed his complaint against the defendant and in April forwarded a copy of the complaint to the adjustment agency. In May, the United States Marshal sent an alias summons together with a copy of the complaint to the address of the defendant in Chicago, Illinois. The defendant apparently received the papers, for a signed receipt was returned. On December 20, 1961, Ernest Ray White, Esquire, at the direction of the garnishee, entered his appearance for the defendant and on his behalf filed an answer to the complaint.

The lawyer for the insurance company deposed the plaintiff on February 2, 1962. Over a year later, on April 3, 1963, the attorney petitioned for leave to withdraw his appearance for the defendant driver. The Court entered an Order granting the petition on September 23, 1963 "without prejudice to any rights of the Plaintiff or the Defendant or any liability insurer of any party in and to any benefits of any policy of liability insurance that may inure, directly or indirectly, to the Plaintiff in the above cause".

■■ Under Pennsylvania law, it is the general rule that an insurance company may not undertake the defense of a suit which entails the defendant's relinquishing to the company the management of the case and then turn around and deny liability under its policy. As stated in Basoco v. Just, 154 Pa.Super. 294, 297, 35 A.2d 564, 565 (1944), "When [the insurance company] substitute[s] itself and its judgment for that of the defendant, both plaintiff and defendant have a right to insist that the final judgment establishes the liability and debt of the company to the assured." See Lewis v. Fidelity & Casualty Co., 304 Pa. 503, 156 A. 73 (1931); Malley v. American Indemnity Corp., 297 Pa. 216, 146 A. 571, 81 A.L.R. 1322 (1929); Cf. Gross v. Kubel, 315 Pa. 396, 172 A. 649, 95 A.L.R. 146 (1934). While the rule makes the insurance company choose either to defend the suit and attempt to minimize any damages which might be awarded, or deny liability, refuse to defend the action, and if wrong as to its liability be held responsibile for a judgment after a trial in which it played no part, the rule is not without some flexibility. If the facts of disclaimer, through no fault of the insurance company, are not discovered until after it enters its appearance and commences the defense of the case, it will still be able to withdraw from the case even if there is prejudice to the right of assured as long as the garnishee has been diligent in its investigation and has withdrawn its appearance promptly. Lewis v. Fidelity & Casualty Co., 304 Pa. 503, 156 A. 73 (1931); Basoco v. Just, 154 Pa.Super. 294, 35 A.2d 564 (1944).

■ We have in the present case such delay and lack of diligence on the part of the insurance company as to warrant the invocation of the doctrine of estoppel. The company knew of the claims of the plaintiff shortly after the accident occurred in May 1960 and of the claims of the plaintiff against this defendant as early as October 1960, but it did not petition to withdraw its appearance until April of 1963, over two years after the complaint was filed.

The garnishee, contends, however, that the defendant violated Clause 18 of the insurance contract by failing to cooperate with it in defending the case.[1]

As evidence of this, it refers to its affidavit indicating that it made many attempts without success to locate the defendant from January 1962 through April of 1965. The insurance company, however, does not account for its lack of effort prior to 1962, or for over a year after it first had notice of the plaintiff's claim against the defendant. In addition, there is no indication from the facts before us that the company endeavored to find the defendant at the address in Chicago to which the alias summons and complaint had been sent. All we have are some letters sent to a Goshen, New York address which were returned unclaimed and a reply to a letter to the New York Bureau of Motor Vehicles stating that it had no record of the defendant's address.

The garnishee relies on Cameron v. Berger, 336 Pa. 229, 7 A.2d 293 (1939) for the proposition it incurs no liability if the insured breaches the cooperation clause in the policy. There, however, the insurance company disclaimed nine days after it first became aware of the claim against its insured whom it had been unable to locate during that short period. The court pointed out that the garnishee's disclaimer was effective because it had been made "promptly." This is certainly not the situation in the case now before us.

Since we have found not only that the policy of insurance covers the plaintiff's injuries but also that the garnishee is barred by estoppel from asserting non-coverage, we have no need to discuss the question whether the Interstate Commerce Act bars the defenses raised by the company.

### ORDER

And now, this 16th day of September 1966, it is hereby ordered that the motion of the garnishee, Aetna Insurance Company for summary judgment against the plaintiff be and the same is denied and that the motion of the plaintiff for summary judgment against the garnishee be and the same is granted.

---

1. Paragraph 18 of the insurance policy reads, in part as follows: "The insured shall cooperate with the company, and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suit."