**NEW AMSTERDAM CASUALTY CO. v. KELLY et al.**

Civil Action No. 2868.

District Court, E. D. Pennsylvania.

July 14, 1944.

Raymond A. White, Jr., of Philadelphia, Pa., for plaintiff.

I. Emanuel Sauder, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

I· find the facts as follows:

1. The plaintiff, New Amsterdam Casualty Company, is a corporation organized and existing under and by virtue of the laws of the State of New York, and is now and has been at all times since its creation a citizen and resident of said State of New York, having its domicile and principal place of business in the City of New York in said State.

2. The defendants John A. Kelly and Ruby Lee Kass are citizens and residents of the State of Pennsylvania, City and County of Philadelphia. The defendant Ruby Lee Kass is the sole owner and manager of the garage repair and storage business registered and trading as R.L.K. Garage in the City of Philadelphia.

3. A Nash four-door sedan automobile bearing license number 44X41 for the year 1941, registered in the name of Ruby Lee Kass, trading as R.L.K. Garage, was owned by R.L.K. Garage, and was used exclusively for the purposes of the garage business, such as towing and pushing cars, hauling customers, delivering cars and supplies, and for bringing the defendant Kass to his work in the garage in the mornings.

4. Ruby Lee Kass, the defendant, also owned a Packard coupe automobile which, while stored in the R.L.K. Garage, was his personal car and was never used for the purpose of the garage business.

5. The New Amsterdam Casualty Company issued its policy of insurance No. LAG373401 on December 22, 1941, insuring R. L. Kass, trading as R.L.K. Garage.

6. Before writing this policy, the nature of the defendant's business was disclosed and known to the New Amsterdam Casualty Company, which had written similar policies of liability insurance for defendant in the previous years 1938, 1939 and 1940.

7. Before writing these policies, the New Amsterdam Casualty Company, through its agents, made an inspection of the premises of the insured and made a check of the books of the garage in order to determine its remuneration, for the purpose of fixing the premiums on the policy.

8. Some time after 1938, but before the present policy in controversy was written

on December 22, 1941, the New Amsterdam Casualty Company knew that the Nash automobile was owned by the R.L.K. Garage and used exclusively for the purpose of that business, and it made an inspection of the said car.

9. The policy of insurance· written by the New Amsterdam Casualty Company insuring R. L. Kass, trading as R.L.K. Garage, against bodily injury and property damage liability, provided coverage under "Definition of Operations" (page 2 of policy), as follows:

"Division 2. Automobile Storage Garage or Service Station. The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purposes of an automobile storage garage or service station, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including ordinary repairs of buildings on the premises and the mechanical ·equipment thereof: *and the use of any automobile for any purpose in connection with the above defined operations.*"

And then, under the heading of "Exclusions" (page 2 of the policy) stated:

"This policy does not apply * * * (c) under division 2 of the Definition of Operations, (1) to any automobile owned, hired or registered by the named insured or by a partner thereof if the named insured is a partnership ·* * *."

10. On January 8, 1942, John A. Kelly was injured in an accident resulting from a collision between a motor vehicle which he was driving and the Nash sedan automobile license number 44X41 owned by R.L.K. Garage.

11. At the time of the accident, about 5:30 in the morning, the Nash car was being driven by ·Clinton Mathis, employed by R.L.K. Garage as general garage service man and car washer, who was on his way to the home of Ruby Lee Kass, the owner and manager, to bring the latter to work at the garage.

12. Notice of the accident was immediately given by the insured to New Amsterdam Casualty Company, in accordance with the terms of the policy, and thereafter the company for 9 months was in constant, complete and exclusive control of every phase of the said claim, the matter being handled at various times by at least four different employees or officials of the company.

13. On January 15, 1942, the New Amsterdam Casualty Company sent by mail a card addressed to R.L.K. Garage No. 1, 41st and Chester Avenue, Philadelphia, Pennsylvania, acknowledging receipt of notice of the accident.

14. New Amsterdam Casualty Company accepted the notice of the accident, and in due course, during January, 1942, and subsequent thereto, made a thorough and complete investigation thereof.

15. On June 3, 1942, New Amsterdam Casualty Company acknowledged receipt of a notice from the insured of a claim made by William M. Reinear in connection with an accident which took place May 30, 1942, in which the Nash car was also involved, and it issued its postal card of instruction to the insured similar to the notice issued in the Kelly matter.

16. On July 1, 1942, New Amsterdam Casualty Company had its physician, Dr. Irvin Stein, make a physical examination of John A. Kelly, who was injured in the accident on January 8, 1942.

17. On August 3, 1942, John A. Kelly instituted an action in trespass against the defendant, Ruby Lee Kass, trading as R.L.K. Garage, in the Court of Common Pleas No. 5 of Philadelphia County, as of June Term, 1942, ·No. 2852, because of the collision which occurred January 8, 1942, at 47th and Pine Streets, Philadelphia.

18. On August 13, 1942, after investigation and consideration of the matter by the New Amsterdam Casualty Company, Raymond A. White, Jr., Esq., under instructions from the company, entered his appearance as attorney for Ruby Lee Kass, trading as R.L.K. Garage, the insured.

19. On September 1, 1942, a letter of disclaimer of liability under the policy in the Kelly case was sent by Maurice B. Fox, Claim Manager of the New Amsterdam Casualty Company, to Ruby Lee Kass, trading as R.L.K. Garage.

20. On September 1, 1942, a similar letter of disclaimer in the Reinear case, was sent by the New Amsterdam Casualty Company to Ruby Lee Kass, trading as R.L.K. Garage.

21. On October 19, 1942, a Statement of Claim with notice to file an Affidavit of Defense within 15 days, was filed by the

plaintiff, John A. Kelly, and served upon Raymond A. White, Jr., Esq., as attorney for the insured.

22. Raymond A. White, Jr., Esq., as attorney for Ruby Lee Kass, trading as R.L.K. Garage, elected not to file any Affidavit of Defense on behalf of the said insured within 15 days or at any time thereafter.

23. On October 29, 1942, Raymond A. White, Jr., Esq., presented his petition to the Judges of the Court of Common Pleas No. 5 of the County of Philadelphia, for leave to withdraw his appearance on behalf of the insured, alleging as the ground for his withdrawal that the policy of insurance in force between the parties did not provide any coverage with respect to the accident involved in the Kelly case.

24. The Court of Common Pleas No. 5 thereupon granted a rule upon defendant, Ruby Lee Kass, trading as R.L.K. Garage, to show cause why the said Raymond A. White, Jr., Esq., should not be permitted to withdraw his appearance.

25. Thereafter, the defendant, Kass, trading as R.L.K. Garage, filed his answer to the said petition, contravening the allegation made by Mr. White on behalf of the New Amsterdam Casualty Company and averring also that the New Amsterdam Casualty Company was attempting to obtain by this proceeding a declaratory judgment construing the policy of insurance.

26. On November 25, 1942, despite its disclaimer of September 1, 1942, with reference to the Reinear claim, the New Amsterdam Casualty Company wrote to R.L.K. Garage, the insured, advising the latter that this case had been disposed of and setting forth the nominal expense incurred.

27. On November 30, 1942, the question raised by the petition of the company and the answer of the insured was argued before the Judges of the Court of Common Pleas No. 5 of Philadelphia County, decision being reserved thereon.

28. On December 1, 1942, New Amsterdam Casualty Company filed its complaint in the present action in the District Court of the United States for the Eastern District of Pennsylvania, No. 2868, asking for a declaratory judgment upon the policy of insurance issued to Ruby Lee Kass, trading as R.L.K. Garage.

29. Subsequently, Common Pleas Court No. 5 of Philadelphia County refused the prayer of Mr. White's petition, and he thereupon appealed to the Superior Court of the Commonwealth of Pennsylvania. The case was duly argued before the Court and on January 27, 1944, the order of the Court of Common Pleas No. 5 was reversed, but the question whether or not the company was obligated under the policy was not decided.

I make the following conclusions of law:

1. The purpose of the parties here was to insure against liability, covering automobiles used in the insured's business. A policy of indemnity against liability should be so construed that the dominant purpose of the parties is not frustrated by technical rules of construction.

2. In case of doubt or ambiguity, the provisions of the insurance policy must be viewed in the light most favorable to the insured.

3. If there is any doubt about the construction of a contract, it will be resolved against the insurance company, inasmuch as the language of the policy is its own.

4. A condition in the policy of insurance, being the language of the company, must, if there be any ambiguity in it, be taken most strongly against it; if reasonably susceptible of two interpretations, it is to be construed in favor of the insured so as not to defeat, without plain necessity, his claim to indemnity which it was his object to secure.

5. In the present policy, the language of Division 2 under "Definition of Operations," insuring the use of any automobile for any purpose in connection with the operations of the insured's business, is inconsistent with the language of "Exclusions" (c) providing that the policy shall not cover any automobile owned by the insured, and there is here an ambiguity which under the law compels a construction in favor of the insured.

6. In the case at bar, after the insurance company had accepted notice of the Kelly accident involving the Nash automobile owned by the R.L.K. Garage in January, 1942, it received and accepted notice in May, 1942, of another accident involving the same car, in the Reinear case. It accepted its responsibility under the policy in both these cases until the following September. By its own actions it evidenced a construction of the policy in favor of liability to the insured.

7. The policy must be construed in favor of the liability of the New Amsterdam Casualty Company to insure and protect the defendant, Ruby Lee Kass, trading as R. L. K. Garage, from liability for the accident to John A. Kelly occurring on January 8, 1942.

8. The New Amsterdam Casualty Company is estopped by the circumstances of the case and its own actions, to deny liability.

9. The New Amsterdam Casualty Company has waived its right to rely upon the exclusion clause of the policy.

Judgment may be entered in favor of the defendants.