Silvio DI PRAMPERO, Trading as Keystone Auto Company, Appellant

v.

FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.

No. 13299.

United States Court of Appeals Third Circuit.

Argued Oct. 20, 1960.

Decided Jan. 18, 1961.

Richard DiSalle, Washington, Pa. (John J. Moschetta, Washington, Pa., on the brief), for appellant.

Joseph F. Weis, Jr., Pittsburgh, Pa. (Weis & Weis, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Appellant Silvio DiPrampero, trading as Keystone Auto Co., brought this action against appellee, The Fidelity & Casualty Company of New York, to recover under a liability insurance contract sums appellant had been compelled to pay to satisfy three judgments recovered against him by persons injured in an automobile accident and to settle a wrongful death claim arising out of the same accident. The district court sitting without a jury found that the accident was not covered by the policy in suit and entered judgment for the insurer. This appeal followed.

Federal jurisdiction is predicated upon diversity of citizenship. The parties recognize that the insurance policy is a Pennsylvania contract, negotiated in that state by the local agent of the insurer to protect a Pennsylvania citizen in his operation of a business in that state.

Although the factual situation is somewhat complex, there is no serious dispute concerning its essential outline. DiPrampero conducts two distinct business enterprises in Green County, Pennsylvania. Trading as Keystone Auto Co.,

he operates a garage and automotive repair shop. In addition, he operates a charter bus service under the name Keystone Transit Co. To DiPrampero doing business as Keystone Auto Co., the appellee issued an "Automobile Dealer and Repair Shop Policy". The policy covered liability for negligence in any operation "necessary or incidental" to the "ownership, maintenance or use of the premises * * * [as] an automobile dealer, repair shop, [or] service station * * *." The policy also covered "[t]he ownership, maintenance or use of any automobile [owned by the named insured] in connection with the above defined operations * * *." It is not contended that any other provision of the policy covered the accident which occurred. The policy expressly excluded the use of any automobile as a public or livery conveyance.

DiPrampero, trading as Keystone Transit Co., was authorized by the State Public Utilities Commission to transport persons by bus under charter. This activity was separately insured by a company other than appellee.

The accident in suit was caused by the negligence of Anthony Petro while driving a bus. Petro was a friend of DiPrampero and had recently purchased the bus from him. As an accommodation to Petro, DiPrampero allowed the registration of title to remain for the time being in the name of the Keystone Auto Co. This fact and the fact that the vehicle had previously been checked and inspected by the Keystone shop were the only connections of the Keystone Auto Co. with the accident.

There is dispute concerning the relation of Keystone Transit Co. to the accident. There was evidence that the Keystone Transit Co. had employed Petro and his bus to carry out a charter in connection with the transportation of school children and that Petro had started out to perform this mission when the accident occurred. On the other hand, there was evidence that Petro had not embarked on the Keystone Transit Co. mission at the time of the accident.

Personal injury and wrongful death actions were filed in a Pennsylvania state court, naming DiPrampero and Petro as defendants. DiPrampero was sued generally, as Keystone Auto Co., and as Keystone Transit Co. Notified of the suits appellee undertook to defend DiPrampero but solely in his capacity as Keystone Auto Co. with reference to risks covered by appellee's policy. For that purpose it retained Henry R. Beeson, Esquire, as defense counsel. Thereafter, DiPrampero himself retained Mr. Beeson to represent his uninsured interests in the lawsuits.

The three personal injury actions were tried together in the state court. A jury returned verdicts of $2,644.30, $1,771 and $413.59 in these suits against "Anthony L. Petro, and Silvio DiPrampero, Keystone Auto Co. and Keystone Transit". The wrongful death claim upon which a fourth suit was based was settled for $35,000. It was agreed that $25,000 constituted DiPrampero's responsibility and legal obligation in this settlement.

In the present case, the court below has found that the three small verdicts on the personal injury claims "were favorable to DiPrampero". The court below also found that the $25,000 settlement of the death claim against DiPrampero was fair and reasonable. The court found further that "there is nothing to indicate that plaintiff [DiPrampero] was not entirely satisfied with this individual representation". However, after full hearing on the circumstances of the accident the court below concluded that it was not an occurrence covered by the policy which appellee had issued to DiPrampero in connection with his auto business. On this appeal appellant argues, first, that the accident was covered by that policy, second, that this question is foreclosed by the verdicts in the negligence actions and, third, that the insurer is now estopped to deny coverage.

We agree with the court below that the verdicts on the personal injury claims, though formally running against DiPrampero in his various capacities, including his capacity as Keystone Auto Co., were not predicated upon and did not involve any finding that the accident occurred in circumstances within the

coverage of the policy issued by appellee. We have already pointed out that the claims in suit were covered only if the accident resulted from negligence of the Auto Co. in the inspection of the vehicle or from the use of the vehicle in the business of the Auto Co. for purposes other than transportation for hire. In the state court there was no substantial proof of such negligence or such use. Therefore, that court properly rejected a request to instruct the jury that liability might be imposed upon DiPrampero on the theory of negligence by Keystone Auto Co. in inspecting the vehicle. Instead, the case against DiPrampero was submitted to the jury solely on the theory that the bus was being operated in his business as Keystone Transit Co. True, the court instructed the jury that any judgment against DiPrampero should recite the various capacities in which he did business and run against him in all of them. But this may well have reflected no more than an awareness that any verdict against this individual would be collectible out of the assets of any business he personally owned, and a purpose to mold the verdict to facilitate such collection.

■ But whatever the court's reasoning may have been, it is enough for now that the issues submitted to and decided by the jury did not cover the factual prerequisites of liability under the insurance policy in suit. Later, the court below, ruling on the evidence before it, concluded that the circumstances of the accident were not within the coverage of the policy. This finding, which is fully supported by the record, is dispositive of the issue of coverage as raised in connection with the death claim which was settled out of court and, therefore, was not affected by the state court ruling.

■ As a separate point it is argued that because the insurer's attorney defended the negligence suit and settled the death claim, the insurer is now estopped to deny that the accident was covered by its policy. But any such estoppel must be predicated upon some injury suffered by the insured as a result of conduct of the insurer. Kearns Coal Corp. v. United States Fidelity Guaranty Co., 2 Cir., 1941, 118 F.2d 33; cf. Antone v. New Amsterdam Casualty Co., 1939, 335 Pa. 134, 6 A.2d 566; Fedas v. Ins. Co. of Pennsylvania, 1930, 300 Pa. 555, 151 A. 285.

■ In this case the record neither establishes nor suggests any way in which DiPrampero was injured by the conduct of the insurance company or its attorney. The claims made against DiPrampero indicated an accident which might have been covered by his Auto Co. policy with appellee, or by his Transit Co. policy with another insurer, or by neither. In such circumstances, the present policy made it the duty of the insurer to defend the insured interest. Accordingly, appellee advised the insured that it would defend him in the litigation of these claims, but only insofar as the insured interest was involved. Thereafter DiPrampero himself elected to employ for the defense of his uninsured interest the very lawyer whom the insurance company had retained to defend the insured interest. It is not clear why the insurer of the Transit Co. was not brought into the picture. In any event, there is no basis for saying that the conduct of the insurer interfered in any way with DiPrampero's personal choice of an attorney.

Beyond this, nothing appears which indicates that the attorney in any way sacrificed the uninsured interest to protect the insured interest. The record indicates a vigorous and competent defense throughout the trial. It is not even argued that any different presentation could or should have been made to the state court to relate the accident to the Keystone Auto Co., as distinguished from DiPrampero's other activities. Even in the court below, DiPrampero, represented by counsel unrelated to the insurer, was unable to produce evidence which would bring the accident within the Keystone Auto policy.

The only other possibility of prejudice which we have been able to discover lies in the amount of the verdicts and the

amount of the settlement. But the verdicts were very small and the court below expressly found that the settlement of the death claim was fair and reasonable. In sum, there is no indication that counsel permitted his concern for the interest of the insurance company or any other circumstance to prevent him from fully, fairly and effectively protecting the interest of the insured throughout the trial of the injury claims and the settlement of the death claim. It may well be preferable that all possibility of conflict of interest be avoided through the defense of insured and uninsured interests by separate and independent counsel whenever there is doubt whether the policy covers the circumstances of the accident. But we think it is clear that there was no conflict in fact and no injury in the circumstances of this case.

The judgment of the District Court was correct and will be affirmed.