## Keller v. Gold

*Peter J. Nolan* and *John A. Reilly*, for petitioners.
*Edward F. Cantlin*, for respondent.

CURRAN, J., March 16, 1962.—On April 1, 1957, respondent, Pennsylvania Manufacturer's Association Casualty Insurance Company, issued its policy of contractors' liability insurance to petitioners, George J. Keller and Herbert M. Wolf, co-partners, trading as Keller and Wolf, insuring them for a one year period against personal injury and property damage liability losses. On October 26, 1957, within the period of the policy, certain employes of petitioners were excavating a cellar at premises 607 Welsh Street, Chester, Delaware County, Pennsylvania. On said date, an accident

occurred causing damage to the adjoining premises. As a result of that accident, an action in trespass was instituted against petitioners by the owners of the adjoining premises. After investigating the claim and having its attorney enter his appearance in the trespass action instituted against petitioners, respondent thereafter informed petitioners that the accident in question was not covered under the terms of the policy, and that it would therefore not defend the trespass action. Respondent then instructed its attorney to withdraw his appearance.

Petitioners thereupon filed a petition for declaratory judgment requesting this court to enter a decree setting forth the obligations and duties of respondent under the terms of the policy in question.

Under the terms of the policy in question, respondent agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property including the loss of use thereof caused by accident and arising out of . . . the ownership, maintenance or use of premises, and all operations." In addition the policy provided: "With respect to such insurance as is afforded by this policy . . . for property damage liability, the company shall: (a) defend any suit against the insured alleging such injury . . . or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent . . ."

After directing its attorney to enter his appearance on behalf of petitioners in the trespass action brought by the owners of the building adjacent to the land where petitioners were excavating at the time of the accident, respondent subsequently disclaimed liability under the terms of the policy and instructed its attorney to withdraw his appearance and not to defend the action. In support of its disclaimer, respondent relies

upon an exclusion in the policy which provides: "This policy does not apply: (n) under Coverage B . . . to injury to or destruction of any property arising out of . . . (2) the collapse of or structural injury to any building or structure due (a) to excavation, including borrowing, filling or back-filling in connection therewith, or to tunnelling, pile driving, coffer-dam work or caisson work . . ."

The obligation of an insurance company to defend an action brought against the insured under the circumstances of this case is to be determined solely by the allegations of the complaint filed in the action: Wilson v. Maryland Casualty Company, 377 Pa. 588. It is irrelevant that the insurer may get information from the insured, or from anyone else, which indicates, or even demonstrates, that the injury is not in fact "covered" under the terms of the policy: Lee v. Aetna Casualty & Surety Company, 178 F. 2d 750. So long as the complaint filed by the injured party covers an injury which may or may not fall within the coverage of the policy the insurance company is obliged to defend: Cadwallader v. New Amsterdam Casualty Company, 396 Pa. 582.

The complaint filed against petitioners in the trespass action alleges, inter alia, that "the duly authorized servant, agent, workman and employe of the Defendants was operating a heavy piece of equipment or vehicle in excavation of premises 607 Welsh Street, in Chester, Pennsylvania, and in so operating it did negligently strike, scrape, undermine and hit the foundation wall of premises of the plaintiffs . . ."; that "said employe did strike and scrape the foundation wall of the plaintiffs' property"; and that "said employe dug out the soil below the base of the foundation so that the remaining soil was insufficiently hard to continue to bear the weight of the wall."

By virtue of these allegations and considering the liberality of modern pleadings, we are convinced that the complaint alleges facts which if substantiated and believed by a jury would constitute a claim covered under the terms of the policy.

The exclusion provision relied upon by respondent applies to the "collapse of or structural injury to any building or structure" due to excavation. In our opinion, this clause does not apply to any type of injury to a building or structure, however slight, but rather applied to the situation where the injury or damage to the property is so substantial and complete as to effect the structure as a whole. See Robert Hawthorne, Inc. v. Liberty Mutual Insurance Company, 150 F. Supp. 829; Campbell Construction Company, Inc. v. Massachusetts Bonding and Insurance Company, Mer. Co. L.J., reported in The Legal Intelligencer, September 6, 1960, Vol. 143, No. 46.

A contract of insurance must have a reasonable interpretation such as was probably in the contemplation of the parties when it was made: Tennant v. Hartford Steam Boiler Inspection and Insurance Company, 351 Pa. 102. We note that a substantial amount of the premium paid by petitioners was to insure them in the course of "excavation, including cellars or foundations of buildings". Moreover, such contracts are construed strictly against the insurer and in favor of the insured, and if the provisions of the policy are reasonably susceptible of more than one interpretation, that one should be adopted which is favorable to the insured: Armon v. Aetna Casualty and Surety Company, 369 Pa. 465.

It is true that the complaint filed in the trespass action is broad enough to include an injury which may have amounted to the "collapse of or structural injury to any building or structure" as we have interpreted

that clause. However, it is also specific enough to comprehend an injury to the property involved which does not amount to "structural injury" and is within the coverage and terms of the policy. The fact that the trespass action was successfully defended by the attorney engaged by petitioners does not relieve respondent of its obligation to defend the action under the terms of its policy.

Even if the trespass claim was not within the coverage of the policy in question, we are of the opinion that respondent by its actions is estopped to disclaim such coverage. The accident in question occurred on October 26, 1957, and notice of the accident was received by respondent within a week thereafter. The complaint in trespass was not served on petitioners until July 2, 1959, and it was not until October 8, 1959, that respondent disclaimed on the basis that the claim was not within the coverage of the policy. Therefore, a period of approximately 23 months elapsed from the date respondent received notice of the claim and the date it disclaimed. A period of approximately 98 days elapsed from the date the complaint was served and the date of the disclaimer.

"The rule to be gathered from the numerous reported decisions upon this subject seems to be that the entry of an appearance for an insured by his insurance company does not of itself constitute a waiver of a defense available to it under the policy it has issued, but that it is entitled to a reasonable time in which to investigate and determine whether it desires to avail itself of any defense that may be found to exist. If its investigation is conducted with reasonable dispatch and its disclaimer is made with promptness upon the discovery of the facts, it does not lose its defense by the mere entry of an appearance. There can be no final rule for determining whether a company has acted

reasonably in this respect. This question must be solved by a consideration of the circumstances of each case": Gross v. Kubel, 315 Pa. 396, 401. Applying these principles to the instant case, we believe that the interval of 23 months before respondent disclaimed liability under the policy was an unreasonable delay on its part. It could have, and should have, investigated the claim with much more dispatch so that if the trespass claim was not covered under the policy it could have disclaimed prior to the service of the complaint or shortly thereafter and not wait until 98 days thereafter. See New Amsterdam Casualty Company v. Kelly, 57 F. Supp. 209.

Since respondent's withdrawal from the defense of the trespass action was a breach of its insurance contract with petitioners, the latter is entitled to recover the fair and reasonable value of counsel fees and costs expended or incurred by *them* in defending the trespass action: Kelly v. Kass, 154 Pa. Superior Ct. 267. From the evidence presented, we find said value to be $1,145. Petitioners also seek to recover the fair and reasonable value of counsel fees incurred by them in this declaratory judgment action. However, we believe that petitioners must bear this expense themselves as an incident of establishing their rights in this action: Robert A. Reichard, Inc. v. Ezl-Dunwoody Co., 45 F. Supp. 153.

### Decree Nisi

And now, March 16, 1962, this matter having been heard on pleadings and proof, it is ordered and decreed that:

1. Judgment is entered in favor of petitioners and against respondent in the sum of $1,145.

2. Respondent shall pay the costs.

The prothonotary is directed to give notice immediately to the parties or to their attorneys of record of the filing of the above decree nisi and if no exceptions

be filed thereto within 20 days after the service of such notice to enter upon praecipe the said decree nisi as a final decree.