## Nichols *v.* American Casualty Company, Appellant.

Argued October 4, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused January 12, 1967.

*William C. Walker*, with him *Thomas J. Cox, Jr.*, and *Dickie, McCamey & Chilcote*, for appellant.

*Preston J. McDonnell*, for appellees.

OPINION BY MR. JUSTICE COHEN, November 15, 1966:
This is an appeal by defendant from the judgment of the trial court in favor of plaintiffs. Defendant insurance company had issued a policy of insurance to plaintiffs agreeing to indemnify them against liability to third parties. While this policy was in effect, one Harold Jordan was injured in a fire on plaintiffs' premises. Plaintiffs did not notify defendant of the accident until two years later when suit was instituted against them by Jordan. At that time, plaintiffs turned the suit papers over to defendant, who then took a non-waiver agreement from D. J. Davidson, one of the present plaintiffs. That agreement provided that the defendant did not waive any rights under the policy (particularly the right to disclaim coverage in event the insured failed to give to defendant proper notice of an accident resulting in injury) "until such time as the company may expressly communicate to the Insured its position in writing. . . ." Defendant subsequently advised plaintiffs to retain counsel of their choice to represent their interests in the event that there should be a judgment in excess of the insurance coverage. Plaintiffs did retain private counsel, who together with the attorney supplied by defendant, represented them at trial and on appeal before this Court, which affirmed a judgment in favor of Jordan in the sum of $5,000. Six days after our decision was rendered, defendant gave written notice to plaintiffs that it was denying coverage under the policy because of excessive delayed notice of the accident.

Plaintiffs contend that defendant waived its rights under the non-waiver agreement because it failed to

state its position in writing within a reasonable time after the execution of that agreement. We do not agree.

The non-waiver agreement expressly provides that "all proceedings necessary to the legal defense of any action or suit arising from [the accident in question] . . . shall not be construed as a waiver of any provision, term, condition, limitation, etc., in said policy [of insurance]. . . ." The obvious import of those words is that defendant might undertake the defense of plaintiffs, including representation at trial and on appeal, without fear of having waived any of its rights under the policy. Consequently, any requirement of a reasonable time within which to notify plaintiffs of its position must properly be determined from the date that all necessary legal proceedings were completed. See *Laroche v. Farm Bureau Mutual Automobile Insurance Co.*, 335 Pa. 478, 7 A. 2d 361 (1939), where this Court stated that a non-waiver agreement is proper and effective for the purpose of reserving to the insurance company the right to disclaim liability notwithstanding its undertaking to defend a suit against its insured.

A case much on point is *Di Prampero v. Fidelity and Casualty Company of New York,* 286 F. 2d 367 (3d Cir. 1961). In that case, action was brought by an insured to recover under a policy of liability insurance certain sums the insured had been compelled to pay to satisfy three judgments against him received by persons injured in an automobile accident and to settle a wrongful death claim arising out of the same accident. The insurer had advised the insured that it was questionable whether or not the accident was within coverage of the policy and that it would, nevertheless, undertake to defend him, but only to the extent of the insured interest. The insured elected to retain for the defense of his uninsured interest the

lawyer employed by the insurance company to represent him on the insured interest. After adverse judgments in three cases and a large settlement of the fourth, the insurer denied coverage under the policy. Affirming a judgment for the insurance carrier, the Third Circuit held that the insured did not suffer injury at the hands of the insurance company or its attorney, who in no way sacrificed the uninsured interest. Since there was no prejudice to the insured in *Di Prampero,* where one counsel represented the insured in two capacities, *a fortiori* there can be no prejudice in the instant case where the plaintiffs obtained private counsel. Despite our recognition in *Gedeon v. State Farm Mutual Automobile Insurance Company,* 410 Pa. 55, 188 A. 2d 320 (1963), that the obligation to indemnify is separate from the obligation to defend, the more cautious practice is that even in a situation where there is absent the possibility of a verdict in excess of the policy limits, if an insurance carrier is contemplating refusing to indemnify it should advise the insured to secure competent counsel of his choice. In the instant case, the carrier, by following this practice, avoided the risk that the insured might suffer injury by reason of being denied insurance coverage after trial or settlement, at which he was not represented by his own counsel; likewise, the insurer avoided an estoppel, preventing it from denying coverage by reason of its having lulled the insured into a sense of security to his detriment. See *New Amsterdam Casualty Co. v. Kelly,* 57 F. Supp. 209 (E. D. Pa. 1944).

Judgment reversed and entered for the defendant n.o.v.