J-A27010-19

2020 PA Super 103

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAK SERVICES, INC.;TORNETTA | : | |
| REALTY  CORPORATION, DELVAL | : | |
| PROPERTIES ASSOCIATES;  THE | : | |
| VALLEY FORGE MARKETPLACE | : | |
| CONDOMINIUM CORPORATION; | : | |
| HENRY DUNN, INC.; OSCAR AND | : | |
| CHERYL, H/W GORDON | : | |
| | : | |
| | : | No. 1289 EDA 2019 |
| APPEAL OF: MAK SERVICES, INC. | : | |

Appeal from the Order Entered April 16, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2014-30190

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

OPINION BY BOWES, J.:                          **FILED APRIL 24, 2020**

MAK Services, Inc. ("MAK Services") appeals from the April 16, 2019 order granting summary judgment to Selective Way Insurance Company ("Selective Way").  After careful review, we reverse and remand.

As the trial court adroitly observed, the underlying factual history of this case is a veritable "comedy of errors" involving insurance coverage issued to MAK Services by Selective Way.  Trial Court Opinion, 5/22/19, at 1.  At the outset, we note that MAK Services is exclusively in the business of snow and

_____

[*] Retired Senior Judge assigned to the Superior Court.

ice removal. MAK Services worked with a broker, Henry Dunn, Inc. ("Dunn"), which obtained liability insurance for its operations. To that end, Selective Way issued Policy No. S199822500 (the "Policy") to MAK Services, which was effective from July 11, 2011, to July 11, 2012. **See** Selective Way's Complaint, 11/13/14, at Exhibit A.

The Policy excluded various types of coverage. Among these exclusions was one titled "Exclusion – Snow and Ice Removal," which modified the liability coverage provided by the Policy as follows:

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of snow and ice removal activities that are performed for others by the insured or by any contractors or subcontractors working on the insureds behalf. Snow and Ice Removal includes but is not limited to: snow plowing, snow blowing, snow or ice clearing, shoveling or salting, by means whether mechanical or by hand.

**See** Selective Way's Complaint, 11/13/14, at Exhibit D. It is unclear whether MAK Services was directly advised of the existence of this exclusion at the time the Policy was issued, although it appears Dunn was aware of the exclusion in the policy. **See** MAK Services' Motion for Summary Judgment, 10/23/18, at ¶¶ 6-7; Selective Way's Answer, 11/21/18, at ¶¶ 6-7.

On or about October 30, 2011, Oscar Gordon slipped and fell on ice while walking through a parking lot on the premises of the Valley Forge Marketplace in Norristown, Pennsylvania, which was a client of MAK Services. Mr. Gordon and his wife (collectively, the "Gordons") initiated a lawsuit seeking damages for Mr. Gordon's resulting injuries and his wife's loss of consortium, naming

MAK Services as one of several defendants. *See* Gordons' Complaint, 4/9/13, at ¶¶ 6, 12, 20, 24. In relevant part, the Gordons asserted that MAK Services had been negligent in removing snow and ice from the subject lot. Selective Way appointed defense counsel to represent MAK Services regarding the Gordons' claims.

On May 1, 2013, Selective Way contemporaneously sent a reservation of rights letter[1] to MAK Services, which stated the following:

> One of the benefits of your insurance policy from Selection is that we will provide you with a legal defense when potentially covered claims are made against you. Since this case meets that standard, I have referred your file to [a] law firm . . . . They will represent you in this case. You should be hearing from that firm shortly. Please give them your full cooperation and refrain from discussing this loss with anyone other than your attorney or a properly identified representative of Selection.
>
> In addition, please be aware that you always have the right to consult an attorney of your choice, at your own expense, to discuss this matter or to coordinate your defense with the attorney we have retained for you.
>
> . . . .
>
> In the meantime, please be aware that Selective will be handling this matter under a reservation of rights. This means that Selective reserves all rights reserved to it under applicable law, insurance regulations and policy provisions that may become relevant as this matter continues to develop. Those rights include,

---

[1] "A reservation of rights is unilateral, written notice from the insurer to the policyholder that the insurer may disclaim coverage for one or more claims in issue based on terms of the insurance policy, legal principles precluding coverage, violation of policy provisions by the insured, or some combination of these factors." *American Nat. Property and Cas. Companies v. Hearn*, 93 A.3d 880, 887 (Pa.Super. 2014).

but are not limited to, the rights to decline coverage for this claim and to withdraw assigned defense counsel.

Selective Way's Motion for Summary Judgment, 11/21/18, at Exhibit C. The letter did not acknowledge or discuss the snow and ice removal exclusion contained in the Policy. That same day, defense counsel retained by Selective Way entered an appearance on behalf of MAK Services. For the next eighteen months, Selective Way represented MAK Services in all aspects as to its defense against the Gordons' civil claims.

On November 13, 2014, Selective Way filed a complaint seeking a declaratory judgment against, *inter alia*, MAK Services. In pertinent part, Selective Way averred that MAK Services' "potential negligence is based solely upon ice and snow removal activity, and the [Policy] specifically excludes a defense and indemnity for any damages arising from snow and ice removal activity . . . ." Selective Way's Complaint, 11/13/14, at ¶ 22. As such, Selective Way requested a judgment declaring that Selective Way: (1) did not owe MAK Services a defense in the Gordons' civil action; (2) did not owe indemnity to MAK Services for the claims in the Gordons' civil action; and (3) may withdraw its defense of MAK Services in the underlying case. *Id*.

On June 3, 2015, MAK Services filed an answer with new matter and counterclaim, that: (1) requested a declaratory judgment that Selective Way had an ongoing requirement to both defend and indemnify MAK Services with respect to the Gordons' civil action; (2) argued that Selective Way should be estopped from ceasing its representation and indemnification of MAK Services;

(3) raised a claim against Selective Way sounding in fraud; and (4) asserted a claim against Selective Way for statutory and common law bad faith.  *See* MAK Services' Answers to Complaint with New Matter and Counterclaim, 6/3/15, at ¶¶ 23-169.

On October 23, 2018, MAK Services filed a motion for summary judgment, arguing that the language contained in Selective Way's May 1, 2013 reservation of rights letter was "insufficient to properly preserve the potential coverage defense of the Snow and Ice Removal exclusion," and that Selective Way should be estopped from raising the policy exclusion.  MAK Services' Motion for Summary Judgment, 10/23/18, at ¶¶ 35-63.  On November 21, 2018, Selective Way filed a cross motion for summary judgment, arguing that the reservation of rights letter was sufficient to preserve the efficacy of the snow and ice removal exclusion.  Selective Way's Cross Motion for Summary Judgment, 11/21/18, at ¶¶ 30-55.  The trial court held oral argument.

On April 16, 2019, the trial court entered an order granting Selective Way's motion, awarding the declaratory relief requested, and entering summary judgment in favor of Selective Way.  *See* Order, 4/16/19 ("Selective Way has no duty to defend or indemnify [MAK Services] for the claims brought against it by [the Gordons] pursuant to the [Policy] and reservation of rights letter . . . .").  MAK Services filed a timely notice of appeal.  The trial court ordered MAK Services to file a concise statement of errors pursuant to

Pa.R.A.P. 1925(b), MAK Services timely complied, and the trial court issued a

Rule 1925(a) opinion.

MAK Services presents two issues for our consideration:

1. Did the trial court err as a matter of law in finding that the reservation of rights issued by [Selective Way] on May 1, 2013, which did not reference the snow and ice removal exclusion in the Policy as a potential coverage defense, fully and fairly advised [MAK Services] of [Selective Way's] coverage position?

2. Did the trial court err as a matter of law in holding that [Selective Way] did not waive the coverage defense of the snow and ice removal exclusion when it failed to reference that exclusion in its May 1, 2013 reservation of rights, raising it only for the first time in the November 13, 2014 declaratory judgment complaint?

MAK Services' brief at 2 (excessive capitalization omitted).

These claims concern the trial court's grant of summary judgment. "The

question of whether summary judgment is warranted is one of law, and thus

our standard of review is *de novo* and our scope of review is plenary." ***City***

***of Philadelphia v. Cumberland County Bd. of Assessment Appeals***, 81

A.3d 24, 44 (Pa. 2013). We are also mindful of the following principles:

We may reverse if there has been an error of law or an abuse of discretion. . . . We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Furthermore, in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an

issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Carlino East Brandywine, L.P. v. Brandywine Village Association*, 197 A.3d 1189, 1199-1200 (Pa.Super. 2018) (quoting *Gubbiotti v. Santey*, 52 A.3d 272, 273 (Pa.Super. 2012)).

Although stated as separate issues, MAK Services is essentially challenging the sufficiency of Selective Way's reservation of rights letter, and thereby its preservation of the snow and ice removal exclusion. As a general matter, insurers have a broad responsibility to defend and indemnify its insureds. *See Erie Ins. Exchange v. Fidler*, 808 A.2d 587, 590 (Pa.Super. 2002) ("As long as a complaint alleges an injury which may be within the scope of the policy, the insurer must defend its insured until the claim is confined to a recovery the policy does not cover.").

Despite this broad duty, Selective Way argued that it should be permitted to disclaim coverage based upon the aforecited exclusion and the language in the reservation of rights letter, and the trial court agreed. *See* Trial Court Opinion, 5/22/19, at 7 ("Selective Way should not be estopped from asserting the snow and ice removal exclusion because it timely and fairly communicated its coverage position to MAK Services.").

In this context, "Pennsylvania counterbalances the insurer's broad obligation to defend even claims as to which coverage may not apply by providing the insurer [with] the option of defending subject to a reservation

of its rights later or simultaneously to contest coverage." ***Erie Ins. Exchange v. Lobenthal***, 114 A.3d 832, 836-37 (Pa.Super. 2015). "Where the insurer assumes the duty to defend, the insurer can simultaneously challenge whether the claim is covered under the insurance policy, even if the underlying case settles. An insurer's defense of the insured, therefore, does not waive the insurer's claims that a policy exclusion applies." ***Step Plan Services, Inc. v. Koresko***, 12 A.3d 401, 419 (Pa.Super. 2010).

While an insurer does not automatically waive claims related to policy exclusions by mounting a defense of an insured, it is still required to provide timely and sufficient notice of any such reservation of rights to the insured:

> [A] liability insurer will not be estopped [from setting] up the defense that the insured's loss was not covered by the insurance policy, notwithstanding the insurer's participation in the defense of an action against the insured, **if the insurer gives timely notice to the insured that it has not waived the benefit of its defense under the policy.** However, a reservation of rights in this respect, to be effective, must be communicated to the insured. **It must fairly inform the insured of the insurer's position and must be timely, although delay in giving notice will be excused where it is traceable to the insurer's lack of actual or constructive knowledge of the available defense.**

***Brugnoli v. United Nat. Ins. Co.***, 426 A.2d 164, 167 (Pa.Super. 1981) (emphases added). Thus, a reservation must: (1) be submitted in a timely fashion; and (2) "fairly inform the insured of the insurer's position" in order to preserve an insurer's assertion of policy exclusions once a defense of the insured has been mounted. ***Id***.

We begin by assessing the timeliness of Selective Way's reservation of rights letter. Instantly, Selective Way sent the May 1, 2013 reservation letter to MAK Services within three weeks of the filing of the Gordons' civil action, and prior to undertaking any defense of MAK Services in that matter.

This Court has previously held that a reservation of rights letter is "timely" when it is sent to an insured within one week of service of a complaint. *See Brugnoli*, *supra* at 168. It is not evident from the record before us when service of the Gordons' complaint was actually completed. However, we extrapolate from *Brugnoli* the general principle that a reservation of rights letter sent close-in-time to the institution of a potentially covered legal action is "timely" under Pennsylvania law. *But see Lobenthal*, *supra* at 840 (holding that a "reservation of rights letter, sent approximately seven months after the complaint was filed, was untimely"). With respect to timeliness, the facts of this case are much more analogous to *Brugnoli*. As such, it appears that the reservation of rights letter was timely submitted to MAK Services.[2]

---

[2] MAK Services avers that the relevant point of inquiry with respect to timeliness is when a policy exclusion is actually raised in an attempt to disclaim coverage. *See* Appellant's brief at 31 ("Here, the Snow and Ice Removal exclusion was not raised until more than **eighteen (18) months** after the underlying tort action was commenced." (emphasis in original)). However, the holdings in *Erie Ins. Exchange v. Lobenthal*, 114 A.3d 832, 840 (Pa.Super. 2015), and *Brugnoli v. United Nat. Ins. Co.*, 426 A.2d 164, 167 (Pa.Super. 1981), make clear that this timeliness inquiry focuses upon when the reservation of rights letter is transmitted to an insured.

Our analysis does not end there. In addition to being timely, a reservation of rights letter must also "fairly inform the insured of the insurer's position" to validly preserve defenses to coverage under the policy. **Brugnoli**, **supra** at 168.

Selective Way's reservation of rights letter stated that defense against the Gordons' civil case constituted a "potentially covered" claim under the Policy, and informed MAK Services that defense counsel was being appointed. While the letter stated that MAK Services has a right to obtain private counsel on its own initiative, it simultaneously instructed MAK Services to refrain from discussing the case with "anyone other than your attorney or a properly identified representative of Selective." Thereafter, the letter indicated that Selective Way generally reserved all of its rights under "applicable law, insurance regulations and policy provisions," including the right to deny coverage. However, the letter failed to specifically identify any emergent coverage issues. Instead, it simply purported to include any and all issues "that may become relevant as this matter continues to develop." Selective Way's Motion for Summary Judgment, 11/21/18, at Exhibit C.

Selective Way claims that the language of this letter was sufficient to reserve its right under Pennsylvania law to disclaim coverage and thereby preclude estoppel. **See** Selective Way's brief at 13-14 ("The straightforward, unambiguous letter acknowledges [Selective Way's] duties under the Policy,

while reserving its right to disclaim coverage pursuant to same."). We disagree.

Insurance companies have a well-recognized duty to conduct an appropriately thorough investigation to preserve defenses to coverage:

> When an insurance company or its representatives is notified of loss occurring under an indemnity policy, it becomes its duty immediately to investigate all the facts in connection with the supposed loss as well as any possible defense on the policy. It cannot play fast and loose, taking a chance in the hope of winning, and, if the results are adverse, take advantage of a defect in the policy. The insured loses substantial rights when he surrenders, as he must, to the insurance carrier the conduct of the case.

*Malley v. American Indemnity Corp.*, 146 A. 571, 573 (Pa. 1929); *see also Orcutt v. Erie Indemnity Co.*, 174 A. 625, 627 (Pa.Super. 1934) (holding an insurance company preserves defenses via a reservation of rights "[i]f its investigation is conducted with reasonable dispatch and its disclaimer is made with promptness upon the discovery of the facts").

In *Malley*, our Supreme Court held that an insurance company was estopped from challenging coverage after it had mounted a full defense of its insured without undertaking an appropriate investigation beforehand. *Id*. After a final resolution of the underlying civil action took place, the insurance company attempted to disclaim coverage. Critically, the touchstone in our High Court's analysis was whether the insurance company's belated assertion of a policy exclusion could disadvantage the insured in the underlying litigation. *Id*. ("With a little diligence and within a brief time, the carrier could have procured the exact knowledge on which it now relies . . . . [B]ut, once

having made its decision, the rights of others in relation thereto cannot be prejudiced.").

In this vein, the line of cases that sprang from *Malley* focused upon the prejudice that may result from a delayed investigation and a consequently tardy assertion of non-coverage. *See*, *e.g.*, *Lewis v. Fidelity & Casualty Co.*, 156 A. 73, 74 (Pa. 1931) (holding that an insurance company "cannot delay its decision and refrain from giving notice to the insured until such time has elapsed that his rights in relation to the accident are prejudiced or may become so"). More recently, this Court has distilled *Malley* and its progeny for the proposition that "where an insurer fails to **clearly communicate** a reservation of rights to an insured, prejudice may be fairly presumed." *Lobenthal*, *supra* at 839 (emphasis added) (citing *Malley*, *supra* at 573).

While the language in Selective Way's letter may have sufficiently apprised MAK Services that future exigencies might affect coverage,[3] it provided no notice whatsoever of the existing coverage issue appearing on the face of the Policy, *i.e.*, the snow and ice removal exclusion. Any complete review of the Policy would have immediately revealed the existence of this

---

[3] This Court has suggested that *Malley* would be inapplicable to circumstances where an unforeseen exigency affects coverage. *See Basoco v. Just*, 35 A.2d 564, 565 (Pa.Super. 1944) ("The rule would be too harsh if applied to a case where the facts upon which the disclaimer is properly based are not, through no fault of the company, discovered until after it is too late for the company to withdraw without prejudicing the rights of the [insured].").

exclusion. Such a revelation which would have vitiated any obligation that Selective Way had to defend or indemnify MAK Services with equal speed. Instead, the boilerplate language relied upon by Selective Way obfuscated this absolute defense to coverage, and caused MAK Services to reach the reasonable conclusion there was no pressing need to secure back-up counsel.[4] *Cf. Nichols v. American Cas. Co. of Reading, Pa.*, 225 A.2d 80, 82 (Pa. 1966) (""[I]f an insurance carrier is contemplating refusing to indemnify it should advise the insured to secure competent counsel of his choice.").

Selective Way correctly observes that Pennsylvania law does not require an insurance company to list every potential defense to coverage in its reservation of rights letter. However, the small body of recent case law discussing this precise issue suggests that **some** level of specificity is necessary. **See Lobenthal**, **supra** at 837 (observing a reservation of rights letter identified a discrete policy exclusion that would preclude coverage);

_____

[4] This Court has held that where an insurance company **denies** coverage via a reservation of rights letter sent close-in-time to an allegedly qualifying incident, it does not waive an applicable policy exclusion that is not included in the letter. **See Nationwide Mut. Ins. Co. v. Nixon**, 682 A.2d 1310, 1314 (Pa.Super. 1996) (holding that a reservation of rights letter sent two months after a potentially qualifying accident adequately reserved the right to raise a policy exclusion). In relevant part, we concluded that the insured in **Nixon** was not prejudiced by the misidentification of the grounds for denial because it gave adequate notice that coverage was being disclaimed. **Id**. **Nixon** is readily distinguishable from the instant case, as MAK Services never received adequate notice that its coverage was being denied in the at-issue reservation of rights letter. To the contrary, that letter stated that Selective Way had determined that the Policy covered the defense to the Gordons' civil action.

- 13 -

*Brugnoli*, *supra* at 166 (same). Furthermore, the same decisional law indicates that insurance companies can also choose to send multiple reservation of rights letters during the evolution of a case as a best practice. *See Lobenthal*, *supra* at 837. The lack of specificity in Selective Way's reservation of rights letter is not determinative, in and of itself. We are not announcing some new paradigm by which Pennsylvania insurance companies must prophylactically raise all potential coverage defenses in order to preserve them. However, the lack of specificity in the letter bespeaks the **deficient investigation** carried out by Selective Way.[5] *Accord Malley*, *supra* at 573.

As noted above, the snow and ice removal exclusion was evident on the face of the Policy, and the certified record reveals that Selective Way admitted

---

[5] The learned Dissent argues that Selective Way "clearly communicated" its reservation of rights simply by addressing its letter to MAK Services and referencing MAK Services as the insured party. Dissenting Opinion at 2-3. We believe that this interpretation of Pennsylvania law takes too narrow of a view of the responsibilities and obligations owed by insurance companies in the immediate aftermath of a potentially covered event. Selective Way's obligation in this regard extends further than a boilerplate reservation of rights letter predicated upon a deficient investigation. As discussed above, insurance companies operating in Pennsylvania have a duty to conduct a reasonable and timely investigation regarding coverage. *See Malley v. American Indemnity Corp.*, 146 A. 571, 573 (Pa. 1929); *Orcutt v. Erie Indemnity Co.*, 174 A. 625, 627 (Pa.Super. 1934). Moreover, insurance companies also have to promptly advise their insureds if they are contemplating denying coverage. *See Nichols v. American Cas. Co. of Reading, Pa.*, 225 A.2d 80, 82 (Pa. 1966). Overall, the Dissent's interpretation of **Lobenthal** places far too little value on the **substance** of the notice required by Pennsylvania law. *See Brugnoli*, *supra* at 167 (holding a reservation of rights letter must "fairly inform the insured of the insurer's position" in order to be effective).

to having actual knowledge of the exclusion from the outset.[6]  **See** Selective Way's Answer to MAK Services' Motion to Summary Judgment, 11/21/18, at ¶ 6 (stating that Selective Way informed Dunn regarding the snow and ice policy exclusion before the Policy was even issued).  Despite such knowledge, Selective Way waited eighteen months to raise the policy exclusion, and provided no further intervening notice to MAK Services that it would have to mount a defense to the Gordons' civil action on its own.

With respect to prejudice, our Supreme Court has previously stated that insurance carriers may be estopped from asserting a policy exclusion where it has "lulled the insured into a sense of security to his detriment."  **Nichols**, **supra** at 82 (citing **New Amsterdam Casualty Co. v. Kelly**, 57 F.Supp. 209, 211-12 (E.D.Pa. 1944) (holding that insurance company was "estopped by the circumstances of the case and its own actions" from raising a policy exclusion defense after it "accepted its responsibility under the policy" and took exclusive control of the underlying defense for nine months before asserting a policy exclusion)).  Given Selective Way's failure to "clearly communicate" its coverage position and the inherently speculative nature of determining how the case might have unfolded differently had the insurance company acted

---

[6]  Selective Way characterized the failure to include the snow and ice removal exclusion in the reservation of rights letter as a "mistake" committed by one of its adjusters.  **See** N.T. Hearing, 2/25/19, at 4.

- 15 -

with appropriate diligence, prejudice can be fairly presumed in this instance.[7]

*Accord Lobenthal*, *supra* at 839.

---

[7] The learned Dissent has asserted that prejudice may not be presumed in this case. *See* Dissenting Opinion at 3. Furthermore, the Dissent asserts that MAK Services cannot establish such prejudice because it cannot identify "lost evidence or witnesses, or that it would have handled its defense differently." *Id*. From the outset, this inquiry is an "inherently speculative undertaking." *Lobenthal*, *supra* at 840. However, the Pennsylvania Supreme Court has clearly stated that "[t]he insured loses substantial rights when he surrenders, as he must, to the insurance carrier the conduct of the case." *Malley*, *supra* at 573. As a result of the poor investigation conducted by Selective Way, MAK Services ceded their defense of the Gordons' civil action to Selective Way and declined to obtain separate counsel, or negotiate a settlement with the Gordons themselves. Had MAK Services been fully and fairly informed, it could have "[a]t a minimum" declined Selective Way's empty "offer to defend" and retained representation to safeguard its own interests. *Lobenthal*, *supra* at 839-40 ("Nothing chills one's zeal for a defense so much as the belief that, even if her loses, it will cost him nothing . . . with the insurance company being as much interested in establishing facts which would result in non-coverage as in establishing facts showing the insured's non-liability."). Now, if Selective Way prevails, MAK Services will be forced into the unenviable position of having to take on the immediate financial and substantive burdens of securing counsel for a civil action that is already *in medias res*. As a result of the inadequate notice provided by Selective Way, MAK Services was provided with no reasonable opportunity to prepare for these burdens.

The Dissent's analysis ignores these foregone opportunities and natural consequences. *See* Dissenting Opinion at 3 ("[A]ll the record indicates is that Selective Way provided free legal representation to MAK Services for 18 months"). Taken to its logical conclusion, the Dissent's view would heavily incentivize insurance companies to send such anticipatory reservation of rights letters to **all** of its claimants. Our view of this question is less transactional. In particular, this Court has observed that the "consent of the insured is necessary if the insurer is to retain control of defense of the action and at the same time reserve the right to disclaim liability under the policy." *Lobenthal*, *supra* at 840. (citing *Brugnoli v. Untied Nat. Ins. Co.*, 426 A.2d 164, 168 n.6 (Pa.Super. 1981)). Under the specific circumstances of this case, it is unclear to us how a party that receives incomplete and misleading information from the insurance company can be said to have adequately consented to

Under the particular facts and circumstances of this case, Selective Way failed to conduct an adequate investigation following the submission of a claim by MAK Services. **Accord Malley**, **supra** at 573. As a consequence of this deficient investigation, Selective Way's reservation of rights letter failed to "clearly communicate" the extent of the rights being reserved, which resulted in presumptive prejudice to MAK Services. **Accord Lobenthal**, **supra** at 839. As a result of this prejudice, Selective Way should have been estopped from asserting this policy exclusion for the first time eighteen months later without sufficient notice to MAK Services regarding Selective Way's coverage position. **Accord Malley**, **supra** at 573; **see also Nichols**, **supra** at 82; **Basoco v. Just**, 35 A.2d 564, 565-66 (Pa.Super. 1944) (holding that an insurance company was estopped from disclaiming coverage where it learned of facts supporting the policy exclusion one year prior to asserting it).

Thus, we hold that the trial court erred as a matter of law in: (1) holding that Selective Way was not estopped from raising the snow and ice removal exclusion; and (2) granting summary judgment to Selective Way on the basis of that policy exclusion. Accordingly, we reverse the order granting summary

_____

anything. **Id**. (holding an insured is "entitled to notice" with respect to an insurance company's reservation of rights).

judgment to Selective Way and remand for further proceeding consistent with this opinion.[8]

Order reversed.  Case remanded for further proceedings consistent with this opinion.  Jurisdiction relinquished.

Judge Shogan joins the opinion.

Judge Strassburger filed a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/20

---

[8]  We make no comment on whether MAK Services will ultimately prevail in its claims against Selective Way.  That question is not before us in this appeal. However, Selective Way may **not** disclaim coverage at this late hour in the litigation under the snow and ice removal exclusion.