J-A27010-19

2020 PA Super 103

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAK SERVICES, INC.; TORNETTA REALTY CORPORATION, DELVAL PROPERTIES ASSOCIATES; THE VALLEY FORGE MARKETPLACE CONDOMINIUM CORPORATION; HENRY DUNN, INC.; OSCAR AND CHERYL, H/W GORDON | : | |
| | : | |
| APPEAL OF: MAK SERVICES, INC. | : | No. 1289 EDA 2019 |

Appeal from the Order Entered April 16, 2019
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): No. 2014-30190

BEFORE: BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

DISSENTING OPINION BY STRASSBURGER, J.:  **FILED APRIL 24, 2020**

In reversing the order granting summary judgment, the Majority concludes that Selective Way should have been estopped from asserting the snow and ice removal exclusion because failing to communicate clearly notice of the exclusion in its reservation of rights letter indicated a deficient investigation on Selective Way's part, thereby presumptively prejudicing MAK Services. Because I believe that prejudice must be proven in this case, I respectfully dissent.

In finding prejudice presumed, the Majority relies on this Court's decision in *Erie Ins. Exchange v. Lobenthal*, 114 A.3d 832 (Pa. Super. 2015). *See* Majority at 12-16. In *Lobenthal*, a complaint was filed in June

* Retired Senior Judge assigned to the Superior Court.

2011 against Lobenthal. Erie insured Lobenthal by virtue of her being a member of her parent's (the named insured's) household. Erie had sent a reservation of rights letter to the named insureds prior to the filing of the complaint. In February 2012, over three months after preliminary objections were ruled upon and the only remaining claim against Lobenthal was not covered pursuant to a policy exclusion, Erie sent a second reservation of rights letter to the named insureds, referencing the applicable exclusion. Neither of Erie's letters was addressed to Lobenthal or mentioned Lobenthal in its text. As such, this Court concluded that Erie had only reserved rights as to the named insureds because it did not specifically and directly communicate the reservation of rights to Lobenthal. While the February 2012 letter was not sent to Lobenthal, this Court also held that Erie was estopped from relying on the exclusion because the letter was untimely. In response to Erie's argument that Lobenthal had failed to establish prejudice, this Court noted that "where an insurer fails to clearly communicate reservation of rights to an insured, prejudice may be fairly presumed[.]" 114 A.3d at 839. In other words, prejudice was presumed because Erie had never communicated its reservation of rights to Lobenthal.

I find the instant case distinguishable. The failure to communicate clearly the reservation of rights in **_Lobenthal_** was based on Erie's failure to address the reservation of rights letter specifically to Lobenthal or to name her therein. That is not the case here. Selective Way addressed its

- 2 -

reservation of rights letter to MAK Services and specifically referenced MAK Services as the insured party therein. Thus, I would conclude that Selective Way clearly communicated its reservation of rights to MAK Services, and there is no presumption of prejudice here.

Accordingly, in order to estop Selective Way from asserting the exclusion, MAK Services must have proven prejudice. In an alternative analysis footnote, the Majority concludes that MAK Services has proven prejudice because "this Court has identified an insured's surrender of his legal defense to an insurance company as a critical prejudicial factor. **See** [] **Lobenthal**, 114 A.3d [at] 840 [] ('Nothing chills one's zeal for a defense so much as the belief that, even if he loses, it will cost him nothing.')." Majority at 15 n.6.

In the instant case, MAK Services has not claimed lost evidence or witnesses, or that it would have handled its defense differently. Rather, all the record indicates is that Selective Way provided free legal representation to MAK Services for 18 months. That does not establish prejudice.

Accordingly, because Selective Way timely and clearly communicated its reservation of rights to MAK Services, and because MAK Services has failed to prove prejudice sufficient to estop Selective Way from asserting the snow and ice removal exclusion, I would affirm the order granting summary judgment.